**UNITED STATES of America, Appellee,**

**v.**

**Anthony James SEBASTIAN and Patrick Gibbons, Defendants-Appellants.**

**No. 1499, Docket 77–1270.**

United States Court of Appeals, Second Circuit.

Argued Aug. 18, 1977.

Decided Sept. 26, 1977.

---

Roger P. Williams, Buffalo, N. Y. (Richard J. Arcara, U. S. Atty., Buffalo, N. Y., of counsel), for the Government.

Robert C. Macek, Buffalo, N. Y., for defendant-appellant Sebastian.

George P. Doyle, Buffalo, N. Y. (Doyle & Denman and Robert S. Sichel, Buffalo, N. Y., of counsel), for defendant-appellant Gibbons.

Before VAN GRAAFEILAND and WEBSTER,* Circuit Judges, and DOOLING, District Judge.**

DOOLING, District Judge:

The Government's version of the facts that underlie both the indictment and the superseding indictment is that defendants-appellants participated in forging endorsements on validly issued Series E United States Savings Bonds and cashing them. The original indictment charged that the defendants

" . . . did knowingly and with intent to defraud pass and utter a forged obligation of the United States; to wit . . Savings Bond . . . Q2165871669E . . . ; all in violation of Title 18, United States Code, Sections 472 and 2."

Another count charged in identical language the passing of a differently numbered Savings Bond, and a third count charged that defendants

" . . . conspired and agreed together and with other persons to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 472 and 2 by uttering and passing with intent to defraud forged obliga-

---

* Of the Eighth Circuit, sitting by designation.

** Of the Eastern District of New York, sitting by designation.

tions of the United States, to wit, thirty-six (36) United States Savings Bonds, Series E, in violation of Title 18, United States Code, Section 371."

The case came on for trial on May 4, 1976, the jury was selected and sworn, and the trial adjourned to May 7, 1976. On that day the United States Attorney advised the court that he had concluded that under no theory of the Government's proof could violation of Section 472[1] be proved, since the savings bonds were valid and only the endorsements were forged. Those facts, he continued, would constitute a violation of Section 495.[2] The Government moved to dismiss the indictment, reserving its right to seek a reindictment. Defense counsel agreed that the indictment would be vulnerable to a motion to dismiss on the facts as the Government stated them, and, not objecting to the dismissal, reserved their right to move against any future indictment or information. The indictment was thereupon dismissed.

On June 24, 1976, a superseding indictment was filed. Count 1 charged that appellants and one Ames (not joined as a defendant) did

".   .   .   aid, abet   .   .   .   and induce Dolores Dombrowsky to forge the endorsement of Bernice Goulder on a United States Savings Bond   .   .   . Number Q1987602561E   .   .   .   owned by Bernice Goulder, for the purpose of obtaining and receiving a sum of money from the United States and its agents; all in violation of Title 18, United States Code, Sections 495 and 2."

There were thirty-five other counts in the same form, each relating to a different bond. Count 37 charged that appellants did

".   .   .   conspire and agree together and with Richard Ames and Dolores

Dombrowsky, named as co-conspirators but not as co-defendants, to commit offenses against the United States, to wit, to violate Title 18 United States Code, Sections 495 and 2, by forging the name of Bernice Goulder on thirty-six (36) Series E United States Savings Bonds, set forth above, for the purpose of obtaining and receiving a sum of money from the United States and its agents; in violation of Title 18, United States Code, Section 371."

The overt acts alleged in the conspiracy counts of the original and superseding indictment were the same in substance. They were (1) that appellant Sebastian gave Ames thirty-six Savings Bonds; the superseding indictment added that the bonds were "in the name of Bernice Goulder"; (2) that Sebastian gave Ames identification in the name of Bernice Goulder; the original indictment omitted Bernice Goulder's name, and instead alleged that the "identification" was sufficient to enable Ames to negotiate the Bonds; and (3) that Sebastian and Gibbons met at a named restaurant for the purpose of receiving part of the proceeds of the cashing of the Bonds.

On appellants' motion to dismiss the superseding indictment on the ground that jeopardy had attached when the jury was impanelled and sworn to try the original indictment (*Downum v. United States*, 1963, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100; see *Serfass v. United States*, 1975, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265; cf. *Illinois v. Somerville*, 1973, 410 U.S. 458, 460, 466, 93 S.Ct. 1066, 35 L.Ed.2d 425), Judge Curtin denied the motion, essentially relying on *United States v. Cioffi*, 2d Cir. 1973, 487 F.2d 492, 497–498, and *Illinois v. Somerville, supra*. Appellants argued that the the test for applying the double jeopar-

---

**1.** Section 472 provides, in relevant part:

"Whoever, with intent to defraud, passes, utters   .   .   .   or sells   .   .   .   any falsely made, forged, counterfeited or altered obligation or other security of the United States, shall be fined   .   .   .   or imprisoned   .   . or both."

**2.** Section 495, so far as relevant, provides

"Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving   .   .   .   from the United States or any officers or agents thereof, any sum of money;   .   .   .

Shall be fined   .   .   .   or imprisoned   .   . or both."

dy bar should be whether both indictments were the "same in law and facts," or called for the same evidence, or arose out of the same transaction; the parties and Judge Curtin were in agreement that passing a validly issued obligation of the United States on a forged endorsement is not within the proscription of Section 472. *Roberts v. United States*, 9th Cir. 1964, 331 F.2d 502; *cf. Prussian v. United States*, 1931, 282 U.S. 675, 677–679, 51 S.Ct. 223, 75 L.Ed. 610.

■ The order, appealable under 28 U.S.C. § 1291 as one of the small class of cases placed beyond the confines of the final judgment rule, *Abney v. United States*, 1977, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651, must be affirmed.

Appellants' argument, put at its strongest, is that the Government's case could have been proved under the allegations of the original indictment, since the reported cases speak of valid bonds with forged indorsements as forged bonds. Such proof, say appellants, would have supported a valid verdict of guilt of the offense of Section 495, because Rule 7(c)(3) of the Federal Rules of Criminal Procedure treats as harmless error the citation of the wrong statute if that error does not mislead the defendant to his prejudice. *Cf. United States v. Calabro*, 2d Cir. 1972, 467 F.2d 973, 981 (describing as "possibly over-technical" the view that a charge of conspiring to forge and utter bonds known to have been forged with intent to defraud the United States did not charge a conspiracy under Section 495 to forge indorsements in a case in which some but not all of the bonds were not validly issued but were forged obligations).

But the case is far simpler. Counts 2 and 3 of the original indictment are crystal clear in unambiguously charging the offense of Section 472. The counts track the language of the statute without any addition except the word "knowingly." Counsel and court were in agreement when the case was called for trial that the Government's evidence could not sustain the counts; they were fully familiar with the evidence from

an earlier suppression hearing. (The order of suppression was reversed in 497 F.2d 1267.)

The substantive counts of the superseding indictment are equally unambiguous in charging a violation of Section 495. They do not allege forged obligations of the United States but forged endorsements, and allege that they were made for the purpose of obtaining money from the United States and its agents—and qualified banks conventionally are the redemption agents for Savings Bonds, 31 U.S.C. § 757c(h). Again, the language of the substantive counts tracks the language of the statute without embellishment.

The conspiracy counts in the two indictments are equally distinct. They clearly allege different conspiracies, one a conspiracy to violate Section 472, the other a conspiracy to violate Section 495. In each count the object of the conspiracy is alleged in the unmistakable language of the substantive statute.

■ The double jeopardy claim necessarily fails. The offenses of Sections 472 and 495 are distinctly different. If the test of *Morey v. Commonwealth*, 1871, 108 Mass. 433, has been rehabilitated (*Brown v. Ohio*, 1977, —— U.S. ——, ——, 97 S.Ct. 2221, 2226–2227, 53 L.Ed.2d 187, 194–195), then, applying the *Morey* test here each of the two statutes requires proof of an additional fact which the other does not. Section 472 requires proof of a forged United States obligation, and Section 495 does not. *United States v. Osgood*, S.D.N.Y.1839, 27 Fed. Cas. p. 362 (No. 15,971a). Section 495 requires proof of forgery for the purpose of obtaining money from the United States, and Section 472 does not. Section 472 requires proof of passing or some similar act, and Section 495 does not. Section 495 requires complicity in the forging, or counterfeiting or altering, and Section 472 does not, requiring only that the accused have sought to pass, utter, publish, or sell the forged instrument.

The test of *Blockburger v. United States*, 1932, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76

L.Ed. 306, is that of *Morey*, but *Blockburger* further emphasized that even

" . . . where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

Here the two statutes do not—as did the statutes in *Blockburger*—twice punish a single act because the act violates two prohibitions, but, rather, the two statutes here involved deal with different acts or transactions—passing a forged or counterfeit United States security in the one case, in the other forging a document for the purpose of getting money from the United States. The evidence required to support a conviction of one offense would not be sufficient to warrant a conviction of the other. *Cf. United States v. Cioffi*, 2d Cir. 1973, 487 F.2d 492, 496 (restating and considering the *Morey* test).

It has been said that there is no double jeopardy unless the first and second offenses charged are "the same in law and fact" (*United States v. McCall*, 2d Cir. 1973, 489 F.2d 359, 362; *United States v. Cala*, 2d Cir. 1975, 521 F.2d 605, 607); here there is no such identity. The two statutes are substantively different and require proof of different facts.

Appellants' case does not pose the questions discussed in Mr. Justice Brennan's separate opinion in *Abbate v. United States*, 1959, 359 U.S. 187, 197, 79 S.Ct. 666, 3 L.Ed.2d 729, *et seq.*; that discussion dealt with successive indictments based on the same acts although requiring different evidence and protecting different federal interests. The statutory offenses here involved not only require different evidence and protect different federal interests but also proscribe different acts. *United States v. Sabella*, 2d Cir. 1959, 272 F.2d 206, 210–212, is, similarly, inapplicable; it involved successive indictments "for the same conduct": both indictments were based on the same narcotics sale, and the Government's case in the second, the Court considered,

could be made out with the same evidence needed to prove the first case.

Affirmed.