**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Robert Edwin BRUNK, Jr.,
Defendant-Appellant.**

**No. 79–2792
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 7, 1980.

* Fed.R.App.P. 34(a); 5th Cir. Rule 18.

Raymond C. Caballero, El Paso, Tex. (court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

Brunk appeals the district court's refusal to dismiss the indictment against him on double jeopardy grounds. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

Brunk claims the current indictment would require a retrial of charges in an earlier indictment for which he has already stood trial. The earlier indictment charged: (1) conspiracy to possess cocaine with intent to distribute (21 U.S.C. § 846), (2) possession of cocaine on September 11, 1978 (21 U.S.C. § 841(a)(1)), (3) possession of cocaine on October 9, 1978 (21 U.S.C. § 841(a)(1)), (4) conspiracy to possess methamphetamine with intent to distribute (21 U.S.C. § 846), and (5) possession of methamphetamine on January 8, 1979 (21 U.S.C. § 841(a)(1)). On appellant's motion, the court severed counts 4 and 5, the methamphetamine counts. These counts were later dismissed on motion of the United States. Overt act number 6 of count one alleged that as part of the cocaine conspiracy, Brunk delivered methamphetamine to Carl Croy Lynn as payment for cocaine. Over appellant's objection, evidence of overt act 6 was admitted at trial. Brunk was convicted of counts 1 and 3, and was acquitted on count 2.

The grand jury returned a second indictment against Brunk for (1) conspiracy to possess methamphetamine with intent to distribute, (2) possession of methamphetamine in June or July, 1978, and (3) possession of that drug in January, 1979. Counts 1 and 3 are essentially the same charges as the earlier severed counts 4 and 5. The court agreed to dismiss count 1 on double jeopardy grounds, as the methamphetamine

and cocaine conspiracies were one and the same. The court denied the motion to dismiss count 3.

Brunk argues the court erred because the evidence admitted on overt act 6 of count 1 in the first indictment will be admitted to prove count 3 of the new indictment. He argues this similarity presents a prima facie case that his double jeopardy claim is not frivolous, and shifts the burden of persuasion to the government. *United States v. Stricklin*, 591 F.2d 1112, 1118–19 (5th Cir. 1979). Brunk relies on the "same evidence" test to support his position. *Id.* at 1125; *United States v. Marable*, 578 F.2d 151 (5th Cir. 1978).

■ Even though the same evidence may be presented in both trials, Brunk cannot invoke the collateral estoppel aspect of the double jeopardy clause because he was convicted, not acquitted, of the cocaine conspiracy count. *United States v. Dunbar*, 591 F.2d 1190, 1193 (5th Cir. 1979), *aff'd in part*, 611 F.2d 985 (1980) (en banc); *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977).

■ Brunk's claim is but a facade for the argument that he cannot be indicted for both conspiracy and a substantive offense. With rare exceptions, conspiracy to commit a crime and the crime itself are separate offenses, outside the restraints of the double jeopardy clause. *Pinkerton v. United States*, 328 U.S. 640, 643–44, 66 S.Ct. 1180, 1181–82, 90 L.Ed. 1489 (1946); *United States v. Mock*, 604 F.2d 341, 344 (5th Cir. 1979). We have opined that this maxim is especially accurate when the drug named in the conspiracy count is not the same as the drug in the substantive count. *United States v. Dunbar*, 591 F.2d at 1192. Obviously conspiracy to possess cocaine and possession of methamphetamine each require proof that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Smith*, 574 F.2d 308, 310 (5th Cir. 1978). The allegation of an independent crime as an overt act of a conspiracy does not necessarily immunize the defendant from an indictment on that separate offense. The

"same evidence" test is not a comparison of the facts adduced at trial. *United States v. Rodriguez*, 612 F.2d 906, 918 (1980) (en banc). An inquiry into double jeopardy requires a focus on the crimes' elements; an overt act is not even an element of a narcotics conspiracy charge. *United States v. Rodriguez*, 612 F.2d at 918–19; *United States v. Pringle*, 576 F.2d 1114, 1120 (5th Cir. 1978); *United States v. Thomas*, 567 F.2d 638, 641 (5th Cir. 1978); *United States v. Palacios*, 556 F.2d 1359, 1364 (5th Cir. 1977). Even if appellant made a prima facie nonfrivolous showing, the government met its burden of proving that the indictments do not charge the same offenses. The district court order refusing to dismiss count 3 is AFFIRMED.