UNITED STATES of America

v.

Gerry HENCYE and William M. Norrie, III.

No. PCR 80–441–01, 80–441–02.

United States District Court, N. D. Florida.

Jan. 16, 1981.

Nickolas P. Geeker, U. S. Atty., Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., for plaintiff.

Leo A. Thomas, Pensacola, Fla., for defendant Hencye.

John T. Parnham, Pensacola, Fla., for defendant Norrie.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This case was set for trial on January 5, 1981. On the morning of that day, before voir dire began, defendants William M. Norrie, III, and Gerry Hencye each filed a motion to dismiss the indictment in this case pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

By way of background, defendants Norrie and Hencye were indicted, along with four other named defendants, in an indictment filed on September 10, 1980 (PCR 80–432). A James hearing was held in PCR 80–432 on November 7, 1980. Apparently, as a result of that hearing, the government filed a motion to dismiss which was granted by the Honorable William Stafford. That court order dismissed Count I of that indictment solely as to defendants Gerry Hencye and William M. Norrie, III. Thereafter, the government filed a seven count indictment on November 13, 1980 in PCR 80–441, in which Gerry Hencye and William M. Norrie, III, were the only named defendants.

Defendants Norrie and Hencye contend, pursuant to 18 U.S.C. § 3161(h)(6), that the indictment in PCR 80–441 charges the same offense or offenses which were required to be joined with the indictment in PCR 80–432. Defendants further contend that the time involved in these two cases combined, less excludable delay, violates 18 U.S.C. § 3161(c)(1). Thus, the defendants move for dismissal. *See* 18 U.S.C. §§ 3162 and 3163(c); *United States v. Bryant*, 612 F.2d 806, 811 n.8 (4th Cir. 1979).

The court notes first that 18 U.S.C. § 3161(h)(6) is the relevant statutory section, and not 18 U.S.C. § 3161(d) as the government contends, since the indictment in PCR 80–432 was dismissed on motion of the government. Since 18 U.S.C. § 3161(d) is not the relevant section, the question here is not whether an offense is "based on the same conduct or arising from the same criminal episode." Rather, the only test involved here is whether an offense was "the same offense or any offense required to be joined with that offense."

Although 18 U.S.C. § 3161(h)(6) uses the language described above, neither the statute nor legislative history clarifies it. Furthermore, this court has found, and the parties have found, no case law construing the (h)(6) provision. Put simply, a paucity of law exists on the construction of 18 U.S.C. § 3161(h)(6). Thus, drawing upon apparent congressional purpose with respect to the Speedy Trial Act, and upon arguably analogous case law, the court examines each count of the indictment in case PCR 80–441 as it relates to count one of the indictment in PCR 80–432.

Neither count six nor count seven of the indictment in PCR 80–441 is the same offense, under any reasonable construction, as count one of the indictment in PCR 80–432. *See e. g. United States v. Kramer,*

289 F.2d 909, 913 (2d Cir. 1961). Proof of either count six or count seven is not dependent upon the showing of a conspiracy in violation of 21 U.S.C. § 846. In other words, the existence, or lack thereof, of a conspiracy in violation of 21 U.S.C. § 846 is not an element in either count six or count seven. Furthermore, while the defendants Norrie and Hencye argue otherwise, there is no requirement that the offenses charged in counts six and seven of the indictment in PCR 80–441 be joined with the conspiracy charge described in count one of the indictment in PCR 80–432. *See e. g. United States v. Rodriguez*, 612 F.2d 906, 922 (5th Cir. 1980) (en banc) (discussion of *Ashe v. Swenson*). While Justice Brennan's "same transaction" test advanced in *Abbate v. United States*, 359 U.S. 187, 196, 79 S.Ct. 666, 671, 3 L.Ed.2d 729 (1959) (concurring opinion) might require joinder, *see also Ashe v. Swenson*, 397 U.S. 436, 448, 90 S.Ct. 1189, 1196, 25 L.Ed.2d 469 (1970) (concurring opinion) (Brennan, J.); *Petite v. United States*, 361 U.S. 529, 533, 80 S.Ct. 450, 452, 4 L.Ed.2d 490 (1960) (concurring opinion) (Brennan, J.), Justice Brennan's comments have not been joined in by a majority of the court. *United States v. Sebastian*, 428 F.Supp. 967, 971 (W.D.N.Y.1977), *aff'd.* 578 F.2d 1372 (2d Cir. 1978).

Thus, irrespective of whether the conspiracy charged in the indictment in PCR 80–441 is the "same offense" as the conspiracy charged in the indictment in PCR 80–432, counts six and seven of the indictment in PCR 80–441 should not be dismissed under speedy trial motions filed.[1]

The more difficult issue is whether count one of the indictment in PCR 80–441 is the "same offense" as count one of the indictment in PCR 80–432. As noted above, Congress used different language in 18 U.S.C. § 3161(h)(6) than it did in 18 U.S.C. § 3161(d). There must have been some reason why Congress used the "same offense" language in (h)(6) and the "based on

the same conduct or arising from the same criminal episode" language in (d). Apparently, Congress intended a narrower construction of "offense" with respect to the (h)(6) provision.

■ On the face of it, count one of the indictment in PCR 80–441 is not the same offense as count one of the indictment in PCR 80–432. While the second indictment charges a violation of the same statutes as did the first indictment, the second indictment charges a different conspiracy. It charges a conspiracy between defendants Norrie and Hencye and other unnamed conspirators, and it charges a period of time that, while it overlaps to some extent with the first indictment, nonetheless, provides a different time period for the offense charged.

As for counts two through five of the PCR 80–441 indictment, none of those counts involved an "offense required to be joined with" a conspiracy count. These substantive counts filed against Norrie or Hencye (two through five) were not contained in the first indictment. Nor is there any local rule requiring the inclusion of such offenses with a conspiracy count. The government could have proceeded separately with the substantive offenses or could have presented them in one indictment as it has done in this second indictment. The earlier discussion on counts six and seven above concerning joinder is also applicable here.

■ Counsel for defendants, citing various cases dealing with double jeopardy and res judicata, *e. g. United States v. Kramer, supra; Ashe v. Swenson, supra*, contend that the differences between the offense charged in count one of the second indictment and the offense charged in count one of the prior indictment make no difference and that they must be considered to be the "same offense." There are, of course, obvi-

---

1. Counts two through five of the indictment in PCR 80–441 appear to depend upon the existence of a conspiracy as charged in count one of the same indictment. Thus, if count one of the indictment in PCR 80–441 charges the "same

offense" (as used in 18 U.S.C. § 3161(h)(6)) as count one of the indictment in PCR 80–432, counts two through five must also be dismissed along with count one.

ous different factual situations existing or required under charges of double jeopardy or, for that matter, res judicata. There is no contention here, for example, that double jeopardy applies, because the prior indictment was dismissed without any adjudication on the merits or without that case having actually proceeded to trial. Similarly, res judicata, getting into some estoppel questions, is not involved here, at least in connection with the resolution of this motion. What is involved here is the congressional intent with respect to the Speedy Trial Act.

That intent was to require speedy trial. The Speedy Trial Act proceeded on the concept that both the defendant and the government were entitled to seek, and should have, speedy trial.

Congress did not intend that the government, in bringing an indictment for various offenses that might arise out of a particular kind of conduct, would be confronted with Speedy Trial Act requirements. It was concerned that the government would avoid the Speedy Trial Act requirements by dismissing an indictment for the same offense, or one required to be included with it, and start the statute running anew by the filing of a new indictment. *See* 18 U.S.C. §§ 3161(d) and 3161(h)(6). Congress was not concerned with respect to the Speedy Trial Act with double jeopardy or res judicata matters, as those come, of course, within a separate field of law.

However, even assuming arguendo that double jeopardy law applies to this motion, it would have questionable application here. The evidence required to support conviction under count one of PCR 80–441 is different from the evidence required to support conviction under count one of PCR 80–432. *See United States v. Kramer, supra. See also United States v. Bruni,* 359 F.2d 807 (7th Cir. 1966).

Admittedly, the court, at this time, does not have the benefit of examining or reviewing the actual evidence which would have been or will be presented as to either indictment, a point which serves to underscore the inapplicability of double jeopardy

law to a Speedy Trial Act motion, but the two indictments encompass different time periods, and it cannot be said the two indictments require the same evidence. Only to the extent the indictments encompass the same time period could there possibly be presented evidence tending to establish conspiracy under either. That possibility does not justify a conclusion the same evidence is required for both. Either might require additional evidence coming within its time frame period that is outside the time frame period of the other.

Counsel for defendants at hearing on the motions sought evidentiary hearing. Their contention, as this court understands it, is that at such hearing they would be able to establish the same evidence is required to justify conviction on count one of either indictment.

Yet there has been no trial on the prior indictment. Whether and to what extent evidence might have been presented resulting in conviction necessarily is speculative. Nor can the nature and extent of the evidence presented on the present indictment be known until there has been trial.

In addition, under this court's order, denying the motion, such evidentiary hearing would in no event serve any useful purpose.

Another issue in this case is that this court, by order entered at time of arraignment in which this case was set for trial, provided that "[a]ll pre-trial motions permitted as required under the Federal Rule of Criminal Procedure shall be filed no later than ten (10) days after the date of this order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, or the Local Rules of this court." The motion to dismiss under the Speedy Trial Act is such a motion. No different time is required or permitted by the Speedy Trial Act. Its only provision requires the filing of a motion prior to trial, if it is to be considered. 18 U.S.C. § 3162(a)(2).

In this case, the defendants' motions were not filed until the morning of the day this case was set for trial (January 5, 1981), and

were not filed in compliance with the ten day requirement of this court. Defense attorneys pointed out the seventy day period had not expired within the ten day span after arraignment in PCR 80–441.[2]

██ However, at arraignment this case was set for trial, so that these attorneys then knew that the trial date set would be beyond the period allowed under the Act, if their contentions otherwise were correct. The Speedy Trial Act does not contemplate that a defendant, raising the issue of speedy trial, can wait to present such contention to the court at a time when such defendant feels or believes that he may prevail upon it, in violation of a court order requiring its earlier filing.[3]

Congress provided that if a speedy trial motion was not filed prior to trial, it would be waived. 18 U.S.C. § 3162(a)(2). To this court, it is consonant with the Act that these speedy trial motions, which presented matters that needed pre-trial consideration, should have been brought within the ten day limitation of this court.

██ As it turned out, when this court expressed its concerns at the early morning hearing on the day of trial with these speedy trial motions, it ended up with the defendants seeking a continuance of the trial until the February 2, 1981 term and the government agreeing to the continuance. The parties agreed that, while the time from the date of the January 5th hearing, until the trial term commencing February 2, 1981, was excludable delay, that such action was without prejudice to the rights of the parties concerning the speedy trial motions existing on January 5, 1981. That such was done, however, serves in this court's judgment only to emphasize the sound validity of the ten day rule. The court and the parties all recognized at that time there were matters involved that deserved careful consideration by the court and by the parties.

Although the court in this case was able to devote careful consideration to the speedy trial motions, the ten day rule serves the valuable purpose of allowing proper response and attention to pre-trial motions in a timely fashion. Had it not been for the last minute filing by these defendants, this court could have had time to dispose of those motions prior to the time this case was set for trial. And depending upon the disposition of those motions, this indictment would have been dismissed or the trial would have proceeded at the scheduled trial date rather than now being delayed for an additional period.

This court has found no case that expressly holds that a ten day limitation is valid insofar as a speedy trial motion is concerned. However, there is a discussion of a similar rule in *United States v. Martinez*, 538 F.2d 921, 924 (2d Cir. 1976). The court there, apparently, took the rule plus other factors present into consideration in denying a motion based on the Speedy Trial Act.

In summary, neither count six nor count seven of this indictment is the same offense as count one of the prior indictment, nor is either count six or seven required to have been joined with count one of the prior indictment. As to the remaining counts of this indictment (one through five), the court holds that the defendants' speedy trial contentions are rejected on their merits. The court also holds, as a separate ground for

2. But, assuming defendants' contentions were correct, the seventy day period had expired at least 8 or 9 days before the trial date, so that this contention provides no answer to the question why they waited until the morning of the day of trial to file their motion.

3. Counsel for defendants pointed out that, had they filed their motions within the 10 day period, the time required to resolve them would have been excludable delay so that the trial date might have been within the seventy day period. That contention, depending upon the time required to resolve it, might have been correct in this case. In another case, of course, it is possible no such contention could be presented.

To this court, the answer to it is that the act did not contemplate the defendants could use its provisions, by delay in filing of motions in violation of a court requirement, to get dismissal. The defendants' right under it is to obtain speedy trial.

decision as to all counts in this indictment, that defendants' failure to comply with this court's ten day rule required rejection of defendants' motions to dismiss.

Order will be entered in accordance with the foregoing.