### UNITED STATES of America

v.

Anthony T. MULHERIN, Jr., a/k/a "Tony" Harvey E. Hornsby, a/k/a "Gene" Robert A. Holliday, a/k/a "Sandy" Edward H. Holliday, James A. Rogers

### Crim. A. No. CR181-37.

United States District Court,
S. D. Georgia,
Augusta Division.

Sept. 2, 1981.

R. Jackson B. Smith, Jr., Augusta, Ga., for Anthony T. Mulherin, Jr.

Thomas W. Tucker, Augusta, Ga., for Harvey E. Hornsby.

John B. Long, Augusta, Ga., for Robert A. Holliday.

James Findlay, Augusta, Ga., for Edward H. Holliday.

Chris G. Nicholson, Augusta, Ga., for James A. Rogers.

### ORDER

BOWEN, District Judge.

By motion filed August 6, 1981, defendants seek dismissal of the indictment in the above-captioned case on the ground that the government failed to comply with the time limits under the Speedy Trial Act. 18 U.S.C. §§ 3161(b), 3162(a). Prefatory to a decision on the merits of this motion, it is necessary to chronicle the procedural histo-

ry of this prosecution and a related case, criminal action 181–26.

On April 4, 1981, Special Agent Fredrick Gleffe of the Bureau of Alcohol, Tobacco and Firearms, executed a sworn complaint before a United States Magistrate charging Anthony T. Mulherin, Jr., Harvey E. Hornsby, Robert A. Holliday, Edward H. Holliday and James A. Rogers with conspiracy

> to commit offenses against the United States, that is: (1) to possess and transfer unregistered firearms in violation of [26 U.S.C. §§ 5861(d), 5861(e), 5861(f), 5871.] (2) to distribute and possess with intent to distribute, a) tetrahydro-cannabinols (also known as marijuana) b) cocaine, Schedule I and II controlled substances, in violation of [21 U.S.C. § 841(a)(1)]
>
> . . . .

On the same date, the Magistrate issued a warrant for the arrest of the above-named individuals and all were subsequently arrested on or about April 5, 1981.

In United States District Court for the Middle District of Florida, an indictment was returned on April 30, 1981 [No. 181–26] against Anthony T. Mulherin, Jr., Harvey E. Hornsby, Robert A. Holliday, Edward H. Holliday, James A. Rogers and certain other individuals. The indictment contains five counts: counts one and two allege conspiracy, counts three through five allege certain substantive offenses committed in Florida. By order entered June 16, 1981, granting defendants' motion pursuant to Fed.R.Civ.P. 21(b), the case was transferred to the Southern District of Georgia.[1]

On July 20, 1981, in the Southern District of Georgia, the indictment in this case, criminal action 181–37, was returned by the grand jury. The indictment contains eleven counts alleging possession and transfer of various unregistered firearms in violation of 26 U.S.C. §§ 5861(d), 5861(e). The criminal offenses alleged in the indictment are in part the underlying substantive offenses for the criminal conspiracy charge in count two

of indictment 181–26. Indeed, several of the factual allegations made in indictment 181–37 parallel the alleged overt acts enumerated in count two of indictment 181–26.

Section 3161(b) of Title 18 provides in pertinent part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges.

Defendants argue that, since they were initially arrested on or about April 5, 1981, and indictment 181–37 was not returned until approximately three and one-half months later, the time provisions of section 3161(b) were violated. Hence, defendants seek dismissal of the indictment pursuant to 18 U.S.C. § 3162(a)(1).

In researching the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174, the Court has found scant case law on the subject. Reflecting this paucity of authority, both the prosecution and the defendants have cited one main case in support of their positions on the speedy trial issue. *United States v. Hencye*, 505 F.Supp. 968 (N.D.Fla.1981), cited by the government, concerned the excludable delay provision of section 3161(h)(6), which provides:

> If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with the offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

As was the case in *Hencye*, this section is applicable only where the information or indictment is dismissed upon motion of the government.

The effect of section 3161(h)(6) is to toll the time limitation during the period be-

---

1. It is conjectural whether the offenses charged in the second indictment [181–37] would have been brought if the first prosecution had remained in Florida. It is probable that they would not. However, I cannot find or conclude under the circumstances that the prosecution of the offenses charged in indictment No. 181–37 is in any way vindictive.

tween government dismissal of the indictment and the filing of a charge for the same offense or any offense required to be joined with that offense. *See United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980); *United States v. Sebastian*, 428 F.Supp. 967, 973 (W.D.N.Y.), *aff'd*, 562 F.2d 211 (1977), *aff'd* 578 F.2d 1372 (1978). As stated by the Second Circuit:

> [Section 3161(h)(6)], which deals with one of the periods of delay to be excluded in computing the time within which an indictment must be filed or trial commenced, provides that if an indictment is dismissed upon the Government's own motion and the defendant is thereafter charged with the same offense, the period of delay from the date when the charge is dismissed to the reinstitution of charges shall be excluded in computing the time within which an indictment must be filed.

*United States v. Hillegas*, 578 F.2d 453, 459 (2d Cir. 1978). *See also*, Frase, *The Speedy Trial Act of 1974*, 43 U.Chi.L.Rev. 667, 696–97 (1976).

In *United States v. Peters*, 434 F.Supp. 357 (D.D.C.1977), *aff'd in part, rev'd in part*, 587 F.2d 1267 (D.C.Cir.1978), cited by defendants at oral argument, the appellate court undertook an analysis of section 3161(d). As summarized by the Second Circuit:

> [Section 3161(d)] provides that where a complaint is dismissed and a complaint or indictment is later filed charging the defendant with the same offense or an offense based on the same conduct, the time periods fixed by §§ 3161(b) and (c) shall apply to the new complaint or to the indictment as the case may be.

*United States v. Hillegas*, 578 F.2d at 459; *see* Frase, *supra*, 43 U.Chi.L.Rev. at 696 ("Section 3161(d) provides that the time limits for indictment, arraignment, and trial begin to run anew when the original charge is dismissed upon motion of the defendant, or if the original charge was a complaint and it is dismissed by either party or on the court's own motion.").

The legislative intent underpinning section 3161(d) is made clear from the following excerpt from the Senate Report:

> This subsection allows latitude to the prosecutor to re-institute prosecution of a criminal defendant whose case has previously been dismissed on nonspeedy trial grounds without having to comply with the time limits imposed by the filing of the earlier complaint. To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to re-open a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint.

S.Rep.No.1021, 93rd Cong., 2d Sess. 26, 33 (1974), *quoted in United States v. Peters*, 587 F.2d at 1273. Since, in *Peters*, the government dismissed the complaint *after* the pertinent time limit had run, the court doubted that the section 3161(d) time renewal provision would apply. *United States v. Peters*, 587 F.2d at 1273. Nevertheless, even assuming that the time limits would not begin to run anew when the indictment was filed, the court concluded that the charges at issue in the indictment did not arise out of the "same criminal episode" as the charges in the dismissed complaint. *Id.* Thus, the indictment was not untimely under the Speedy Trial Act.

While recognizing that the Speedy Trial Act may contain "numerous unresolved policy issues, ambiguities, and drafting errors," Frase, *supra*, 43 U.Chi.L.Rev. at 669–70, the Court has difficulty in discerning the applicability of either section 3161(h)(6) or section 3161(d) to the facts in this case. Here, the government has not dismissed the indictment and then filed another indictment, as was the case in *Hencye*, nor has the government dismissed the complaint as occurred in *Peters*. The complaint, upon which the arrest warrants were issued, charged conspiracy under 21 U.S.C. § 841(a) and 18 U.S.C. § 371. Defendants were arrested on or about April 5, 1981, and, thereafter, a timely indictment, 181–26, was filed charging, in part, conspiracy as alleged in the complaint. Indictment 181–37, filed

July 20, 1981, charged defendants with substantive offenses which allegedly were committed in Georgia.

■ The substantive offense charged in indictment 181–37 is entirely distinct from the conspiracy allegations in indictment 181–26. As the Supreme Court has stated:

> The distinctiveness between a substantive offense and a conspiracy to commit is a postulate of our law. "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."

*Callanan v. United States*, 364 U.S. 587, 593, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961) (quoting *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946)); *see Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975) ("the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act"); *United States v. Ocanas*, 628 F.2d 353, 361–62 (5th Cir. 1980); *United States v. Ballard*, 586 F.2d 1060, 1064 (5th Cir. 1978). Moreover, "[g]enerally, it is true that a defendant may be acquitted of conspiracy without collaterally estopping the government from later presenting the evidence necessary to convict him of the substantive crime which was the object of the conspiracy." *United States v. Mock*, 604 F.2d 341 (5th Cir. 1979). Similarly, a subsequent prosecution for the substantive offense is not foreclosed on the basis of double jeopardy. *See United States v. Brunk*, 615 F.2d 210, 211 (5th Cir. 1980); *United States v. Mock*, 604 F.2d at 344; *United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir. 1979); *United States v. Cantu*, 557 F.2d 1173, 1176–77 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1236, 55 L.Ed.2d 763 (1978). Indeed, a panel of the Fifth Circuit has commented that " 'no court in this country has ever held that a defendant may not be indicted and tried once for a conspiracy and thereafter tried for the [substantive] crime'." *Gusikoff v. United States*, 620 F.2d 459, 464 (5th Cir. 1980) (quoting *United States v. Dunbar*, 591 F.2d 1190, 1192 (5th Cir. 1979), *aff'd in part and remanded to panel*, 611 F.2d 985 (en banc), *aff'd on remand to panel*, 614 F.2d 39, *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980)).

■ The "postulate of law" that conspiracy and the related substantive crime are entirely distinct and separate offenses is not affected by the Speedy Trial Act. It is apparent, based upon the foregoing authorities, that the government may file a complaint charging conspiracy, arrest defendants on a warrant issued pursuant to the complaint, timely file an indictment alleging conspiracy, try the case, and thereafter indict and try defendants for the substantive offense without running afoul of the time constraints in the Speedy Trial Act. In this case, defendants were indicted [181–26] and charged with conspiracy on April 30, 1981. Since they were arrested "in connection with such charges" on April 5, 1981, the indictment was timely under section 3161(b). The government could have filed an indictment in the State of Georgia, charging the substantive offenses committed in this state, on April 30, 1981, or it could have waited until a date subsequent to the trial of indictment 181–26. Instead, the government chose to file the present indictment on July 20, 1981. Since the indictment charges separate and distinct substantive offenses, the Court finds no violation of the Speedy Trial Act.[2]

The motion to dismiss indictment No. 181–37 is DENIED.

This review of a seemingly technical question should not be concluded without a pause for some practical considerations.

---

2. In *United States v. Iaquinta*, 515 F.Supp. 708 (N.D.W.Va.1981), Judge Maxwell held that the time limits prescribed in section 3161(b) commenced upon the arrest of defendants pursuant to a state warrant. It appears that federal agents were substantially involved in the investigation of defendants and their subsequent state arrest on August 7, 1980, for controlled drug violations. Yet, the federal indictments were not lodged against the defendants until over four months after their arrest. On these facts, the Court held "that the arrest of defendants on August 7, 1980, set into motion the applicable time periods of the Speedy Trial Act with respect to *all* federal offenses that resulted from or were 'in connection' with the circum-

The defendants were never *arrested* under indictment No. 181–37. Summons was issued to each of them and they then appeared for arraignment. No one has been deprived of his liberty by the second indictment. Each of the defendants in indictment No. 181–37 has been free from federal custody since posting bond after his arrest for the charges alleged in indictment No. 181–26.

stances bringing about the arrest." *Id.* at 711 (emphasis added).

*Iaquinta* is distinguishable from the present case in several respects. To begin with, neither the state nor the federal prosecutor timely filed an indictment. In contrast, indictment 181–26 was timely brought against defendants. Secondly, *Iaquinta* concerned certain dual sovereignty issues not present in this criminal action. The thrust of Judge Maxwell's opinion is to dispel the notion that the speedy trial time limitations are somehow inapplicable when defendants are arrested pursuant to a state warrant, following a cooperative federal-state investigation, and thereafter belatedly indicted by the federal government.

Finally, the district court's pronouncement that the date of defendants' arrest set into motion the speedy trial time limits with respect to *all* federal offenses that resulted from or were in connection with the circumstances bringing about the arrest must be limited to the facts of the case. An application of this precept to all criminal actions would effectively engraft a compulsory joinder of offenses requirement onto Fed.R.Crim.P. 8. As the rule now stands, joinder of offenses and defendants is permissive rather than mandatory. *See* 8 *Moore's Federal Practice* ¶ 8.05[1], at 8–18 (1980). While "the Advisory Committee is considering a change in Rule 8 which would require the government to join in one indictment or information all charges then available against a defendant based on the same conduct," *id.* at 8–61, such an amendment to the Rule has yet to occur. To require that defendants be indicted within 30 days of arrest for *all* federal offenses that resulted from or were in connection with the circumstances bringing about the arrest would, in essence, compel the government to join in one indictment all charges then available against defendants based on the same conduct.