**UNITED STATES of America**

v.

**Albert A. FORD, Defendant.**

**Crim. A. No. 81-346.**

United States District Court, District of Columbia.

Dec. 14, 1981.

Charles F. C. Ruff, U. S. Atty. by Deborah A. Robinson, Asst. U. S. Atty., Washington, D. C., for the U. S.

Sol Z. Rosen, Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it the defendant's motion to dismiss the Indictment and the government's opposition thereto. The defendant contends that his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* has been violated. For the foregoing reasons, the Court grants defendant's motion and dismisses the Indictment.

## BACKGROUND

The defendant, Albert A. Ford, was arrested on June 21, 1981, by officers of the Metropolitan Police Department and charged in a complaint filed June 22, 1981, with possession of heroin with intent to distribute, 21 U.S.C. § 841(a). Following presentment on the charge, the defendant was released on a nominal bond. The complaint against the defendant was dismissed on July 27, 1981, upon motion of the government. (Gov't Oct. 21, 1981, Opposition at 1). The defendant was subsequently indicted pursuant to a two-count grand jury Indictment on September 11, 1981—82 days after his arrest.

## ANALYSIS

Based on the above, the defendant contends that his right to a speedy trial has been violated because the Indictment was filed more than 30 days after his arrest. The Court agrees. Pursuant to 18 U.S.C. § 3161(b):

> Any information or indictment charging an individual with the commission of any offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Based on the undisputed facts of this case, it is clear that the Indictment was returned more than thirty days following the defendant's arrest. Where such a violation has occurred, the sanctions for failure to comply with § 3161(b) are found in 18 U.S.C. § 3162(a)(1) which states:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) [18 U.S.C. § 3161(b)] as extended by section 3161(h) of this chapter [18 U.S.C. § 3161(h)], such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 U.S.C. § 3161 *et seq.*] and on the administration of justice.

The government contends, without any authority, that it has met the four criteria of § 3162(a)(1) and therefore, the dismissal of the Indictment should be denied. However, the Court finds that the four criteria are applicable as to whether the case should be dismissed with or without prejudice.[1] This is consistent with the legislative history of the Act wherein the committee stated that "the dismissal is *mandatory,* but not *automatic,* since the defendant is expressly required under section 3162(a)(2) to move for dismissal if not brought to trial within the prescribed time . . . ." H.R.Rep.No.93–1508, P.L. 93–619, 1974 U.S.Code Cong. and Adm.News, pp. 7401, 7431.

The same result was reached by Chief Judge Maxwell in *United States v. Iaquinta,* 515 F.Supp. 708, 709 (N.D.W.Va.1981), where the defendants were arrested on August 7, 1980, and subsequently indicted on December 10, 1980, for alleged violation of federal drug laws, and one defendant was indicted alone on April 10, 1981, for illegal possession of a firearm. In determining whether a violation of the Act occurred, the Court stated:

> the Speedy Trial Act's time periods must be subjected to a literal interpretation. Section 3161(b) leaves no room for discretion and its very aim is to ensure uniformity in guaranteeing criminal defendants their right to a prompt disposition of criminal charges and to promote a sense of security and safety by requiring the accused to answer for their actions in an expeditious manner.

*Iaquinta,* 515 F.Supp. at 712.

Based on the foregoing, the Court finds that to permit the government to dismiss an indictment on their own motion, for whatever reason, and then reindict after the applicable time periods would be in direct contravention of the Speedy Trial Act and will not be permitted by this Court.

An Order in accordance with the foregoing shall be issued of even date herewith.

---

1. The Court dismissed the Indictment without prejudice because the four criteria of § 3162(a)(1) have been met for the reasons as set forth at the October 21, 1981 status call.