**UNITED STATES of America**

v.

**Ernest S. BORUM and Sandra K. Borum.**

**Cr. No. 82–157.**

United States District Court, District of Columbia.

Aug. 3, 1982.

William J. O'Malley, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

William E. Reukauf, Washington, D. C., for defendant Ernest S. Borum.

Sol Z. Rosen, Washington, D. C., for defendant Sandra K. Borum.

## MEMORANDUM AND ORDER

BRYANT, Senior District Judge.

The issue before the court is whether dismissal of a complaint tolls the provision of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requiring indictments to be filed within thirty days of a defendant's arrest.

Defendants Sandra K. Borum and Ernest S. Borum were arrested on February 8, 1982. On February 9, 1982, defendants were presented before the magistrate and a complaint charging possession with intent to distribute phencyclidine was filed against them. On March 9, 1982, less than thirty days after defendants' arrest, the government moved to dismiss the complaint. According to the Assistant United States Attorney at the hearing on this motion, the government moved to dismiss the complaint because it had not yet received records subpoenaed from drug companies which the government hoped would supply the evidence necessary for defendants' indictment. On May 20, 1982, the grand jury returned an indictment against defendants, charging possession with intent to distribute phencyclidine.

■ Defendants have moved to dismiss the indictment against them on the grounds that the 94-day delay from the time of their arrest until the filing of the indictment violates § 3161(b) of the Speedy Trial Act.[1] *See United States v. Ford*, 532 F.Supp. 352 (D.D.C.1981). In addition to relying on the plain language of § 3161(b), defendants point out that § 3161(h)(8)(B)(iii) allows the U.S. Attorney to request continuances when it is unreasonable to expect return and filing of the indictment within the period specified by § 3161(b). The U.S. Attorney failed to take advantage of that provision in this case.

Statutory provisions are to be construed not in isolation, but together with other related provisions. *United Mine Workers v. Andrus*, 581 F.2d 888, 892 (D.C.Cir.), *cert. denied*, 439 U.S. 928, 99 S.Ct. 313, 58 L.Ed.2d 321 (1978). In addition to § 3161(b) and § 3161(h)(8), there are three other statutory provisions relevant to this case. Section 3161(d) explicitly concerns dismissed complaints. Section 3161(h)(6) deals with an issue related to the issue in this case, dismissal and refiling of indictments. Section 3162(a)(1) describes sanctions for violation of the § 3162(b) time limit. The court is well aware that "ambiguities in the statutory provisions relating to superseding charges ... are difficult to resolve even with the aid of the legislative history of the Act." *United States v. Peters*, 587 F.2d 1267, 1272 (D.C.Cir.1978). However, the court has examined

---

**1.** Section 3161(b) provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

§§ 3161(d) and 3161(h)(6) in conjunction with §§ 3161(b), 3161(h)(8), and 3162(a)(1), as well as the relevant legislative history, and concluded that dismissal of a complaint tolls the Speedy Trial Act requirement that indictments be filed within thirty days of a defendant's arrest.

Section 3161(d) provides that, "If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter ... an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information as the case may be." The legislative history of § 3161(d) says, "Subsection 3161(d) allows the time limits imposed by subsections 3161(b) and (c) to begin to run afresh should an indictment or information be dismissed upon defendant's motion on grounds other than non-conformance with speedy trial time limits, and a subsequent complaint charging the defendant with the same offense or with an offense based on the same criminal conduct or episode is filed." S.Rep.No.93–1021, 93d Cong., 2d Sess. 33 (1974) ("Senate Report"). Although the legislative history of § 3161(d) refers only to dismissal of an indictment or information, courts have interpreted § 3161(d) to mean that if charges, including charges in a complaint, are dismissed and later reinstated, the period between the dismissal and the reinstatement of charges, and perhaps even the period prior to the dismissal,[2] is excluded when computing the time within which a trial must commence. *United States v. Peters*, 587 F.2d 1267, 1272 (D.C. Cir.1978); *United States v. Hillegas*, 578

F.2d 453, 459 (2d Cir. 1978); *United States v. Belleville*, 505 F.Supp. 1083 (E.D.Mich. 1981); *United States v. Ajlouny*, 476 F.Supp. 995, 998 (E.D.N.Y.1979). *See also United States v. MacDonald*, —— U.S. ——, —— n.7, 102 S.Ct. 1497, 1501 n.7, 71 L.Ed.2d 696 (1982); *United States v. Rabb*, 680 F.2d 294 (3d Cir. 1982); *United States v. Sebastian*, 428 F.Supp. 967, 973 (W.D.N. Y.), *aff'd*, 562 F.2d 211 (1977); R.S. Frase, *The Speedy Trial Act of 1974*, 43 U.Chi.L. Rev. 667, 696 (1976). This interpretation reflects Congress' determination that requiring a prosecutor to conform to indictment and trial time limits set by the filing of the original complaint in order to reopen a case on the basis of new evidence is an insurmountable burden. Senate Report at 33. Section 3161(d) also has some formal appeal, since dismissal of a complaint "blots out" an arrest, and, at least in theory, removes from the defendant the restraints associated with arrest and the pendency of criminal charges.[3] *Hillegas*, 578 F.2d at 458.

The determination that dismissal of a complaint tolls the operation of § 3161(b) is consistent also with § 3161(h)(6)'s provision for excluding the period of time between dismissal of an indictment and re-indictment on the same charge. It would be anomalous for a post-dismissal period to constitute "excludable delay" when a defendant is reindicted, but not when proceedings are reinstituted by the filing of an original indictment. *Hillegas*, 578 F.2d at 460. Indeed, were the court to hold that dismissal of a complaint does not toll the § 3161(b) time limit, prosecutors would be encouraged to seek indictments, despite the weaknesses of the available evidence, and then make repeated motions for continuances, only to decide that their cases are too weak to bring to trial after all. Forcing people who will ultimately be free from

**2.** The court does not in this memorandum reach the issue whether the period between filing and dismissal of the complaint should be included in computing time for Speedy Trial Act purposes. The court hopes that a trial date can be set in this case which will obviate the need for the court later to decide that issue.

**3.** Defendants have not alleged that they suffered any arrest-related disabilities after dismissal of the complaint and before filing of the indictment.

prosecution to live long periods of time under the threat of prosecution violates the spirit of the Speedy Trial Act.

Consideration of the sanctions for Speedy Trial Act violations described in § 3162(a)(1) also supports the conclusion that in some instances, the Act permits filing of an indictment more than thirty days after a defendant's arrest. Section 3162(a)(1) provides that under certain circumstances, a complaint may be dismissed *without prejudice* in cases where no indictment or information has been filed within the § 3161(b) time limit. If the Act permits new prosecutions in some cases where the original complaint was dismissed more than thirty days after defendant's arrest, it can hardly ban all new prosecutions where the original complaint was dismissed less than thirty days after defendant's arrest.

There is no question, however, that permitting the § 3161(b) time limit to be tolled by dismissal of the complaint invites abuses. The drafters of the Speedy Trial Act recognized that careless prosecutors might take advantage of § 3161(d) to evade the Act's deadlines. *See* Senate Report at 33. The drafters recommended that when a judge dismisses an original information or indictment on other than speedy trial grounds the judge should take into consideration the defendant's right to speedy trial, and, in appropriate instances, dismiss the case with prejudice. Although that recommendation was addressed to the dismissal of indictments, the court hopes that magistrates adopt a similar approach to dismissal of complaints. In any event, the court can at this stage scrutinize the prosecutor's dismissal of the complaint to ensure that it was in good faith. *See Ajlouny*, 476 F.Supp. at 998. Although the court severely doubts the wisdom of dismissing the complaint in this case rather than seeking a continuance pursuant to § 3161(h)(8), the court cannot say that dismissal of the complaint was motivated by a desire impermissibly to evade the provisions of the Act.

Accordingly, the court ORDERS that defendants' motion to dismiss the indictment is DENIED.