**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald CAPARELLA,**
**Defendant-Appellant.**

**No. CR 81–530.**

United States District Court,
E. D. New York.

June 30, 1982.

Federal Defender Services Unit, The Legal Aid Society by James M. Morrissey, New York City, for defendant-appellant.

Brian E. Maas, Asst. U. S. Atty., Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for plaintiff-appellee.

## MEMORANDUM & ORDER

PLATT, District Judge.

In this appeal from a judgment of conviction entered after a trial before Magistrate A. Simon Chrein, once again the Speedy Trial Act of 1974 (properly characterized by at least one learned member of the bench as an "abomination"[1]) has reared its ugly head not for the purpose of achieving "a speedy trial"[2] but for the unabashed purpose of erasing an otherwise valid conviction. As this Court stated on the oral argument, if the "public" whose interests this Act is ostensibly designed to foster and protect, knew of the various ramifications that are flowing therefrom, they would undoubtedly take rather drastic action against the perpetrators thereof. We, however, are not called upon at this juncture to review the wisdom, or more properly the lack of wisdom,[3] in the enactment of this statute. We are asked to decide whether under the circumstances of this case the Government's conceded violation of Section 3161(b) in not filing an information or indictment within thirty days after defendant's arrest and arraignment on June 10, 1981 on a complaint charging him with a felony count of theft of mail matter (18 U.S.C. § 1709) and a misdemeanor count of opening mail without authority (18 U.S.C. § 1703(b)), warrants a dismissal of the case or a remand to the Magistrate.

On July 31, fifty-one days after such arrest and arraignment, on the Government's *ex parte* motion in the absence of defendant and his lawyer, Magistrate Chrein dismissed the complaint without, however, specifying whether the dismissal was "with" or "without" prejudice, as required by § 3161(b)(1).

The defendant was not in jail and according to the Government (and defense counsel has not disputed this) "throughout the period from appellant's arrest to the filing of the information, defense counsel and the Government were involved in plea negotia-

---

1. *United States v. Alexander*, 529 F.Supp. 452, 456 (D.C.Colo.1982).

2. In the overwhelming majority of cases (if not more) the last thing in this world that a defendant wants is a speedy trial. "... [D]eprivation of the [constitutional] right [to a speedy trial] may work to the accused's advantage. Delay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not *per se* prejudice accused's ability to defend himself." *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972).

3. *See* Platt, The Speedy Trial Act of 1974: A Critical Commentary, 1976–77 Second Circuit Law Review, 44 Brooklyn L.Rev. 757 (1978).

tions." (Govt's brief p. 5). When these failed, the Government filed on September 16, 1981 a one count information against appellant alleging a violation of 18 U.S.C. § 1703(b). On October 16, 1981, following his arraignment on October 2, appellant's counsel moved to dismiss the information because of the Government's failure to dismiss the complaint within thirty days of appellant's arrest.

After hearing lengthy oral arguments on the motion on November 16, 1981, Magistrate Chrein denied the motion in full. He acknowledged that in dismissing the complaint on July 31 he had not considered the factors specified in 18 U.S.C. § 3162(a)(1)[4] in determining whether the dismissal was with or without prejudice. (Tr. 62). At oral argument the factors were discussed (Tr. 33–38, 51–56) and Magistrate Chrein indicated that in considering the "three" factors, as well as prejudice to the defendant, he would be compelled to deny the motion. (Tr. 47). However, even though defense counsel urged him to base his ruling on those factors (Tr. 63), he ultimately declined to do so at the Government's urging and denied defendant's motion, holding in effect that his original dismissal on July 31st had been "without prejudice" (Tr. 61–63). The Government argues that he was required so to hold because a "failure to specify the nature of dismissal renders it without prejudice" (Govt's brief p. 10), citing *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1559, 43 L.Ed.2d 775 (1975), thereby precluding the Magistrate from considering the "three" factors at a later date to cure his failure to consider

them on the record at the time of the Government's motion to dismiss on July 31.

Appellant was thereafter tried (and convicted) within 110 days of his arrest, not counting properly excludable periods.

Appellant argues that the Magistrate erred in failing to consider the factors set forth in § 3162(a)(1) both on July 31 and on November 6, 1981. The Government maintains that this case should not be remanded for appropriate consideration by Magistrate Chrein of these factors because he is bound in effect by his July 31 ruling and because the defendant waived his rights to dismissal for violation of the Speedy Trial Act by failing so to move prior to the July 31 *ex parte* dismissal. We disagree. Section 3162(a)(1) requires such consideration of the four[5] factors before a determination is made as to whether the case should be dismissed "with or without prejudice". We have found no authority under circumstances such as are presented here (i.e., where the Government's motion to dismiss was made *ex parte* and the Magistrate did not specify that the dismissal was made 'without prejudice'* and where the Speedy Trial Act was applicable (*cf: United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1559, 43 L.Ed.2d 775 (1975)), supporting the Government's argument that the defendant waived his right to object under the Speedy Trial Act by not doing so prior to July 31 nor for the proposition that the Magistrate is now precluded from considering the four factors.

The determination should not be all that difficult. Among other things, the Magis-

---

4. The factors the Court shall consider, among others, are as follows: "the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice."

5. Magistrate Chrein and the attorneys at the hearing on November 16, 1981 talked in terms of "three" factors whereas in fact the statute prescribes four.

* To be effective a waiver must be knowledgeably made. Such may not be said to have been the case here whereas the same may not necessari-

ly be true in the two cases cited to us by the Government, viz: *United States v. Simonetti*, CR 81–342 (EDNY 1981) (a non-*ex parte* motion where the dismissal was made "without prejudice") and *United States v. Pagan*, CR 82–769 (EDNY 6/1/82) (apparently an *ex parte* motion but where again the dismissal was made "without prejudice", on January 22, 1982, and the defendant was indicted on February 22d, arraigned on March 1st but did not move to dismiss until June 1, 1982 after a superseding indictment had been filed on May 18, 1982).

trate might consider: 1) that pending against the defendant at that time were both a felony and a misdemeanor charge (seriousness of the offense); 2) that the Government claims it had delayed its determination whether to prosecute so that it could more fully consider the defendant's proffered defense and the parties could conduct "plea negotiations" in connection therewith (facts and circumstances leading to dismissal); 3) that the "reprosecution was capable of being accomplished (and indeed was) within the 110 days then allotted by the Act (impact of reprosecution on the administration of the Act); and 4) that the defendant evidenced no concern about the delay in filing of more formal charges against him until well after the information was filed, and, of course, it goes without saying that the public is not the least bit interested in having their mail obstructed any more than it already is (impact of reprosecution on the administration of justice).

For the foregoing reasons the case is remanded to Magistrate Chrein for further proceedings not inconsistent with this opinion.

SO ORDERED.