UNITED STATES of America, Appellee,

v.

Raymond ABERNATHY, Appellant.

No. 81–2072.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1982.

Decided Sept. 15, 1982.

---

Thomas E. Dittmeier, U. S. Atty., Pamela H. Bucy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Lewis, Rice, Tucker, Allen & Chubb, Keith D. Patten, St. Louis, Mo., for defendant-appellant.

Before LAY, Chief Judge, and STEPHENSON and JOHN R. GIBSON,* Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Raymond Abernathy was convicted of two counts of embezzling items of mail entrusted to him as a Postal Service employee in violation of 18 U.S.C. § 1709. He appeals claiming that (1) his indictment violated the Speedy Trial Act and is barred by collateral estoppel, and (2) the evidence, submitted by stipulation, was not sufficient to support the judgment. We affirm.

Postal inspectors observed Abernathy place a "test letter" in his pocket while on duty as United States Postal Clerk on March 7, 1980. The inspectors stopped Abernathy as he attempted to leave the mail sorting area. They informed him of his rights and took him to a nearby office where he was given full *Miranda* warnings. He produced the test letter that he had placed in his pocket and admitted he had taken other mail on earlier occasions.

The postal inspectors conferred with an Assistant United States Attorney. Following standard procedures for handling internal postal thefts, Abernathy was photographed and fingerprinted and then released. While he was interrogated, his liberty was restrained and he was not free to leave. No complaint was issued, and Abernathy was not taken before a United States Magistrate.

Abernathy was indicted September 18, 1980. In the intervening period he had discussed with Postal Inspector Burbridge the possibility of plea negotiations, the last such contact being in August 1980. Neither Abernathy nor his attorney later contacted the United States Attorney's office as Abernathy told Burbridge that he would do.

---

* United States District Judge for the Western District of Missouri at the time this case was submitted, sitting by designation.

Abernathy moved to dismiss the indictment on the ground that the preindictment delay violated § 3161(b)[1] of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* A hearing was held before a United States Magistrate, and following the hearing, the magistrate found that Abernathy's detention on March 7, 1980 was an arrest for purposes of the Act,[2] contrary to the government's argument, and therefore § 3161(b) has been triggered. The magistrate concluded that the time limit had been violated since the indictment was not filed within 30 days following arrest. The magistrate, however, found that there was strong evidence against the defendant and that there had been no showing that he had suffered any legally cognizable prejudice from the six-month delay. The argument was rejected that Abernathy's dimming memory was a significant factor. There was a further finding that there was no demonstrable loss of evidence or indication that the delay resulted from a government effort to gain an advantage over Abernathy. On the contrary, the government acting in good faith invited Abernathy to come to the courthouse and accept an informational charge.

The district court reviewed the magistrate's findings and on December 3, 1980 entered an order dismissing the indictment without prejudice.[3]

No appeal was taken from this order.

On January 8, 1981, the grand jury returned a second indictment identical to the first. Abernathy again moved to dismiss the indictments based on violations of the Speedy Trial Act and collateral estoppel. The motion was denied.[4] On September 24, 1981, the district court, based upon a stipulation of facts filed by the parties, found Abernathy guilty of both counts.

## I. *Speedy Trial*

Abernathy claims that collateral estoppel and the Speedy Trial Act bar the indictment of January 8, 1981 in that the district court ruling on the September 18, 1980 indictment found preindictment delay which was fatal not only to the first but also to the second indictment. We reject these arguments.

While Abernathy's major claim is collateral estoppel, the issues relating to collateral estoppel are far clearer when viewed in the context of Abernathy's claims under the statute. Accordingly, we will first examine the provisions of the Speedy Trial Act insofar as they relate to Abernathy's claimed violations.

In essence, Abernathy contends that the charge contained in the indictment of September 18, 1980, which was dismissed because of violation of the Speedy Trial Act, cannot be refiled, and, therefore, the second indictment of January 8, 1981 must be dismissed. The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, in its plain language provides to the contrary. 18 U.S.C. § 3162, which contains the sanction of dismissal for violation of the Speedy Trial Act in paragraph (a)(1), provides the criteria for determining whether the dismissal is with or without prejudice.[5] In addition, § 3161

---

**1.** That subsection provides in part:

§ 3161. Time limits and exclusions

\* \* \* \* \* \*

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

**2.** This court has recently ruled in *United States v. Jones*, 676 F.2d 327 (8th Cir. 1982), that arrest under § 3161(b) means an arrest upon complaint, information or indictment. *See also: United States v. Solomon*, 679 F.2d 1246 (8th Cir. 1982). If the issue were ruled today, there would not be a finding that there was an

arrest so as to trigger the 30-day limitation in § 3161(b).

**3.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

**4.** The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern [and Western] District of Missouri.

**5.** 18 U.S.C. § 3162(a)(1) provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by

(d)(1) provides explicitly that when an indictment is dismissed on motion of the defendant "and thereafter an indictment is filed charging such defendant with the same offense" that the time limitations of the Act apply. This language from the two sections of the Speedy Trial Act make clear that charges can be refiled. To contend to the contrary is to conclude that there could be no dismissal without prejudice for violation of the Act.

A review of the legislative history makes it clear that reprosecution is permitted after a dismissal without prejudice for violation of the Act. Early versions of the Act, prior to enactment, barred reprosecution after dismissal for violation of the Act.[6] In 1974 an amendment was offered providing that dismissal for violation of the Act "shall not bar a subsequent prosecution."[7] The final version of the Act emerged with the current language in § 3162 which allows dismissal with or without prejudice, depending on the circumstances.

The history of § 3161(d) parallels that of § 3162. Early versions of § 3161(d) provided that time limits begin to run upon reindictment after dismissal of the previous indictment, but only if the prior indictment was dismissed on grounds other than Speedy Trial Act violations.[8] Excluding Speedy Trial Act dismissals was necessary to be consistent with early versions of § 3162 which precluded reprosecution after dismissal for violation of the Act. The final version of § 3161(d) makes no such exclusion.

The following remarks of Congressman Cohen during the 1974 House floor debate highlight the legislators' clear intent to amend the Act to allow courts the option of dismissing with or without prejudice:

> Notwithstanding the position of the American Bar Association, the judges I have mentioned, and even Justice Rehnquist's statement on this matter [to the effect that dismissal with prejudice should follow a Speedy Trial Act violation], *in the interest of seeing that this measure be passed, approved, and signed into law, I offer an amendment which would allow the court in its discretion to dismiss a case with or without prejudice. . . . Therefore, the court in its discretion can allow a reprosecution if the ends of justice would be served, and they* [sic] *clearly outweigh the interests of the defendant to a speedy trial.* (Emphasis added.)

120 *Cong. Rec.* 41,794–95 reprinted in A. Partridge, Legislative *History of Title I of the Speedy Trial Act of 1974*, p. 219 (Federal Judicial Center 1980).

Abernathy argues that *United States v. Peters*, 587 F.2d 1267 (D.C.Cir.1978), dictates a contrary result. The court in *Peters* stated in dictum that reprosecution was barred after the government voluntarily dismissed a complaint which was dismissable for violation of the Speedy Trial Act. *Id.* at 1273. The court relied on a Senate Report prepared when the draft of

section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

6.  H.R. 7107, 92nd Cong., 1st Sess., Section 3162(b) (1971) reprinted in A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, pp. 282-83 (Federal Judicial Center 1980); S. 895, 92nd Cong., 1st Sess., Section 3162 (1971) reprinted in A. Partridge, *supra* at

290; S. 754, 93rd Cong., 1st Sess., Section 3112(a) (1973) reprinted in A. Partridge, *supra* at 301; H.R. 17409, 93rd Cong., 2nd Sess., Section 3162(a) (1974) reprinted in A. Partridge, *supra* at 345 46.

7.  S. 754, 93rd Cong., 2nd Sess., Section 3162(a) (1974), reprinted in A. Partridge, *supra* at 317 - 18.

8.  1972 Senate Subcomm. Bill, S. 754, 93rd Cong., 1st Sess., Section 3161(b)(2) (1972) reprinted in A. Partridge, *supra* at 297; 1974 Senate Comm. Bill, S. 754, 93rd Cong., 2nd Sess., Section 3161(d) (1974) reprinted in A. Partridge, *supra* at 311 12; H.R. 17409, 93rd Cong., 2nd Sess., Section 3161(d) (1974) reprinted in A. Partridge, *supra* at 337 38.

§ 3161(d) did not permit subsequent reprosecution for the same charges when there is an earlier dismissal based on violation of the Speedy Trial Act. As we have observed earlier, this language was deleted by floor amendment in the House. Accordingly, the case is not persuasive. Legislative history makes clear that the final version of the Speedy Trial Act allows reprosecution after dismissal without prejudice for violation of the provisions of the Act.

■ Abernathy's reliance on *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Clay*, 481 F.2d 133 (7th Cir.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973), is misplaced. Neither *Marion* nor *Clay* involved the Speedy Trial Act. *Marion* dealt with a constitutional speedy trial violation. Reprosecution is barred in that situation since a constitutional violation cannot be cured. The court in *Clay* stated that after dismissal "without prejudice" pursuant to Fed.R.Crim.P. 48 for unnecessary delay, a second indictment cannot withstand another Rule 48 motion to dismiss. Unnecessary delay cannot be cured. Abernathy alleges no constitutional violation. There has been no finding that the preindictment delay was prejudicial or unnecessary. Moreover, the appropriateness of reindictment must be viewed in the context of the statute which creates the right to dismissal of the first indictment.

When an indictment is refiled, the next issue is—what is the applicable time limit for such refiling? Section 3161(d)(1) concerns indictments charging the same offense as earlier indictments that are dismissed on motion of a defendant, and provides that the 30-day limitation of § 3161(b) is applicable to "such subsequent ... indictment." Section 3161(b) requires the filing of the indictment within thirty days from the date of the arrest "in connection with such charges." "Such subsequent ... indictment" and "such charges" in the two subsections refer to the January 8, 1981 indictment, which was refiled after dismissal of the first indictment containing the same charges. Accordingly, the arrest referred to in the two subsections was the arrest on the following day, January 9, 1981. The effect of the language of the subsections is to allow the time limitations under the Act to begin to run anew upon the filing of a second indictment following dismissal of an indictment without prejudice.

Abernathy argues that we should not read the word "anew" into the statute so as to give the government a fresh start when it recharges an individual. From what we have said before, the language of the two sections dictates such result.

While the language "anew" does not appear in the statute, this court has earlier so construed the language of the statute. *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980). Other authorities have agreed. Frase, "The Speedy Trial Act of 1974," 43 U.Chi.L.Rev. 667, 696 (1976); Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, *Guidelines to the Administration of the Speedy Trial Act of 1974* at 15 (Dec. 1979 revision).

■ Abernathy argues that in this case "the defect—the illegal delay subsequent to arrest—is incurable." We disagree for the reason that the language of the Speedy Trial Act clearly dictates a contrary result. Abernathy does not contend that the delay was unconstitutional. He argues only that the Speedy Trial Act and collateral estoppel preclude reindictment. Section 3161(d)(1) explicitly authorizes the filing of an indictment charging the defendant with the same offense as an earlier indictment dismissed on motion of the defendant, and specifically recognizes that the time limitations of § 3161(b) shall be applicable with respect to "such subsequent ... indictment."

It is thus apparent that Abernathy's claim that the language of the Speedy Trial Act barred the indictment of January 8, 1981 is without merit.

■ Turning to the claim of collateral estoppel, Abernathy has the burden to show that the issue sought to be precluded is the

same as that involved in the prior action.[9] We conclude that Abernathy fails to establish that key element.

With respect to the first indictment filed September 18, 1980, the magistrate found that the events of March 7, 1980 constituted an arrest within the meaning of § 3161(b) and that the indictment was not filed within thirty days from the arrest.

With respect to the second indictment filed January 8, 1981, the magistrate recognized the applicability of 18 U.S.C. § 3161(d)(1) and found that the dismissal without prejudice was proper. He found that 18 U.S.C. § 3161(d)(1) applied the provisions of 18 U.S.C. § 3161(b) "anew" to the second indictment. The magistrate then concluded, and we agree, that there was not identity of ultimate fact issues in the motions to dismiss the first and second indictments, and that collateral estoppel did not bar the second indictment.

## II. Sufficiency of the Evidence

Abernathy argues that the evidence was insufficient as a matter of law to establish guilt on Count I which charged that on or about February 27, 1980, Abernathy embezzled a letter addressed to First State Bank of Villa Ridge. Specifically, Abernathy contends that the evidence fails to link him with the letter, and that he stipulated simply that the letter "looked like one I took about a week ago."

The case was submitted to the district judge on stipulated facts. We must sustain the judgment if there is substantial evidence to support it taking the view most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Kaminski*, 692 F.2d 505 (8th Cir. 1982). The government is entitled to the benefit of all reasonable inferences. *United States v. Steffen*, 641 F.2d 591, 597 (8th Cir. 1981), *cert. denied*, 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981).

9. The four elements of collateral estoppel are set out in *In Re Piper Aircraft Distribution*

The record here reveals sufficient circumstantial evidence establishing that Abernathy embezzled the letter as alleged in Count I. The letter was a test letter prepared by postal inspectors and placed in Abernathy's sorting area. The letter disappeared. Abernathy confessed that he has taken other envelopes addressed to banks from his mail sorting area.

The evidence was sufficient for the trier of fact to conclude that Abernathy was guilty as charged on both Count I and Count II.

We affirm the judgment of the district court.

*Systems Antitrust Litigation*, 551 F.2d 213, 218–19 (8th Cir. 1977).