UNITED STATES of America

v.

Curtis Lee BITTLE, a/k/a Lee Curtis Brittle, Appellant.

No. 82–1408.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 20, 1982.

Decided Jan. 25, 1983.

David A. Levitt, Washington, D.C. (appointed by this court as co-counsel), for appellant. Richard S. Kohn, Washington, D.C. (also appointed by this court), was on the brief, for appellant.

Wendy Bebie, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and David W. Stanley, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before TAMM, EDWARDS, and BORK, Circuit Judges.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

The Speedy Trial Act provides that an indictment must be filed within thirty days of an individual's arrest. Section 3161(d)(1) of the Act usually permits the time period for indictment to run anew when a complaint is dismissed. The district court, however, interpreted the section not to apply when the complaint has been dismissed more than thirty days after arrest and the dismissal would have been with prejudice if the issue had been addressed. We agree with this construction and find that the district court properly exercised its discretion in determining that the complaint should have been dismissed without prejudice and, therefore, that the district court correctly denied the motion to dismiss the indictment. Accordingly, we affirm.

## I. FACTUAL BACKGROUND & STATUTORY FRAMEWORK

Defendant was arrested on December 10, 1981. On the following day a complaint was filed charging him with forging and uttering a United States Treasury check in violation of 18 U.S.C. § 495. On January 22, 1982, the United States dismissed the complaint by filing a praecipe. On January 28 an original indictment was returned charging defendant with two counts of forging and uttering a United States Treasury check, 18 U.S.C. § 495, and one count of possession of stolen mail matter, 18 U.S.C. § 1708. These charges were based on the same criminal conduct as the complaint that had previously been dismissed. On February 5 defendant filed a motion to dismiss the indictment for violation of the Speedy Trial Act and Local Rule 2–7(4)(a) of the United States District Court for the District of Columbia. United States District Judge Joyce Hens Green denied defendant's motion. On March 3, after a stip-

ulated bench trial, the court found defendant guilty of possession of stolen mail matter. The other two counts of the indictment were dismissed in accordance with the stipulation. Defendant was sentenced to imprisonment for fifteen months and fined $750; execution of the sentence was suspended, and defendant was placed on probation for eighteen months with special conditions.

Title 18 U.S.C. § 3161(b) provides that an indictment must be filed within thirty days of an individual's arrest.[1] Title 18 U.S.C. § 3161(c)(1) provides that the trial of an individual must commence within seventy days of the latter of the filing of the indictment and the individual's appearance before a judicial officer.[2] If these time limits are not met, the indictment or the charges contained in the complaint must be dismissed. 18 U.S.C. § 3162(a) (1976).[3] The trial judge may dismiss the indictment or complaint with or without prejudice. *Id.* If a complaint is dismissed without prejudice, and thereafter a complaint or indictment is filed based on the same criminal episode as the first complaint, "the provisions of [subsections 3161(b) and (c)] shall be applicable with respect to such subsequent complaint [or] indictment." 18 U.S.C. § 3161(d)(1) (Supp. V 1981).[4] If an indictment is dismissed upon motion of the government, and thereafter a charge is

---

1. Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.
18 U.S.C. § 3161(b) (1976).

2. In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.
18 U.S.C. § 3161(c)(1) (Supp. V 1981).

3. (1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.
18 U.S.C. § 3162(a) (1976).

4. 18 U.S.C. § 3161(d)(1) provides in full:
If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

filed for the same offense, "any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge" is excluded in applying the time limits of subsections 3161(b) and (c). 18 U.S.C. § 3161(h)(6) (1976).[5] The District Court Rules supplement the Speedy Trial Act, but they do not alter the statutory framework described above. *See* D.D.C.R. 2–7(4), (8).[6]

The trial court recognized that the 43-day period between defendant's arrest and the dismissal of the complaint and the 49-day period between defendant's arrest and indictment exceeded the Speedy Trial Act's 30-day time limit for indictment. Trial Record, Part 2 (T.R.) at 9, 13–14. The court also recognized that the Speedy Trial Act mandated that the complaint be dismissed, as it had been. *Id.* at 9. Nevertheless, the court held that the indictment could be dismissed only if the complaint should have been dismissed with prejudice. *Id.*[7] Section 3161(d)(1) usually permits the time period for indictment to run anew when a complaint is dismissed. The court, however, interpreted section 3161(d)(1) not to apply when the complaint has been dismissed more than thirty days after the arrest and the dismissal would have been with prejudice if the issue had been addressed. The court, therefore, had to inquire whether the complaint should have been dismissed with or without prejudice. It considered the three factors listed in section 3162(a)(1), the seriousness of the offense, the circumstances leading to the dismissal, and the impact of reprosecution on the administration of justice and on the administration of the Speedy Trial Act, as well as other factors. T.R. at 14–17. The court found that the crime of possessing stolen mail matter is relatively serious, that the government's exceeding the time limit was unintentional and is unlikely to recur, that the delay beyond the time limit was short, and that defendant suffered little prejudice. *Id.* Weighing these factors, the court found that the complaint should have been dismissed without prejudice. *Id.* at 16–17. Therefore, it denied the motion to dismiss the indictment.

Defendant contends that section 3161(d)(1) does not apply when a complaint is dismissed more than thirty days after an arrest and that in the present case sections 3161(b) and 3162(a)(1) require that the indictment be dismissed without inquiry into whether the complaint should have been dismissed without prejudice. Alternatively, defendant argues that the trial court misapplied the three factors set forth in section 3162(a)(1) in determining that the complaint should have been dismissed without prejudice. He contends that the general

---

**5.** 18 U.S.C. § 3161(h)(6) provides in full:

The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

.    .    .    .    .

(6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

**6.** Local Rule 2–7(4)(a), (b) provides:

(a) Time Limits.

If an individual is arrested or served with a summons and the complaint charges a federal offense to be prosecuted in this court, any

indictment or information subsequently filed in connection with such charge shall be filed within 30 days of the arrest or service.

(b) Superseding Charges.

If, after a complaint has been filed, an indictment or information is filed in connection with such charge, the time limit applicable to the subsequent charge will be determined as follows:

(1) If the original complaint was dismissed the time limit shall be determined without regard to the existence of the original charge.

(2) If the original complaint is pending at the time the subsequent charge is filed, the indictment or information shall be filed within the original time limit.

**7.** When the United States dismissed the complaint by filing a praecipe, there was no determination whether the dismissal was with or without prejudice.

rule is that charges should be dismissed with prejudice and that the court placed undue emphasis on the lack of prejudice to defendant's ability to prepare his case.

## II. Discussion

### A. Construction of Section 3161(d)(1)

Section 3161(d)(1), rather than section 3161(h)(6), is applicable when a complaint, as distinguished from an indictment, is dismissed by the government and an indictment is later filed. *United States v. Krynicki,* 689 F.2d 289, 292 (1st Cir.1982); *United States v. Peters,* 587 F.2d 1267, 1273 (D.C. Cir.1978); Comm. on Administration of the Criminal Law of the Judicial Conference, *Guidelines to the Administration of the Speedy Trial Act of 1974 as Amended* (Dec., 1979), *revised* Aug. 1981, at 15–16.

The meaning of section 3161(d)(1) is not apparent at first glance: "If . . . any charge contained in a complaint . . . is dismissed . . . , and thereafter . . . [an] indictment is filed . . . based on the same conduct . . . , the provisions of [subsections 3161(b) and (c)] shall [apply to] such subsequent . . . indictment . . . ." The section can be read to require that indictments filed after the dismissal of initial charges must be returned within thirty days of the original arrest. This interpretation, however, must be incorrect. First, such an interpretation makes section 3161(d)(1) mere surplusage because section 3161(b) already performs that function (if one disregards the actual meaning of section 3161(d)(1)). Second, this interpretation renders the Speedy Trial Act inconsistent with traditional speedy trial

guarantees, which focus on *pending* criminal proceedings. *See United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982) (holding that Sixth Amendment speedy trial guarantee is inapplicable to period between dismissal of military charge and indictment on civilian charge). Third, this interpretation contradicts the legislative history of the Speedy Trial Act.

> [Section 3161(d)(1)] allows latitude to the prosecutor to re-institute prosecution of a criminal defendant whose case has previously been dismissed on non-speedy trial grounds without having to comply with the time limits imposed by the filing of the earlier complaint. To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to reopen a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint.[8]

S.Rep. No. 93–1021, 93d Cong., 2d Sess. 33 (1974), *reprinted in* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 78–79 (1980) (footnote added). Therefore, the correct interpretation of section 3161(d)(1) is that after the dismissal of a complaint, the Act's time limits run anew from the date of the filing of the subsequent complaint or indictment. *United States v. Krynicki,* 689 F.2d at 293; *United States v. Abernathy,* 688 F.2d 576, 580 (8th Cir.1982); Frase, *The Speedy Trial Act of 1974,* 43 U.Chi.L.Rev. 667, 696 (1976).[9]

---

**8.** The result should be no different where a dismissed complaint is followed by an indictment rather than by a new complaint. *United States v. Belleville,* 505 F.Supp. 1083, 1084–85 (E.D.Mich.1981).

**9.** Several courts have questioned in dicta whether section 3161(d)(1) should be construed to begin the running of the time limits anew or whether it should be construed merely to toll their running between the dismissal of the complaint and the reprosecution. *See United States v. Hillegas,* 578 F.2d 453, 459 n. 9 (2d Cir.1978); *United States v. Borum,* 544 F.Supp.

170, 172 (D.D.C.1982). The second construction would make section 3161(d)(1) analogous to section 3161(h)(6), which tolls the running of the time limits for the period between the dismissal of an indictment and the refiling of charges. *United States v. Sebastian,* 428 F.Supp. 967, 973 (W.D.N.Y.), *aff'd,* 562 F.2d 211 (2d Cir.1977), *aff'd mem.,* 578 F.2d 1372 (2d Cir.1978); Frase, *The Speedy Trial Act of 1974,* 43 U.Chi.L.Rev. 667, 696 (1976). The great weight of authority, however, adopts the first construction.

This court, however, has questioned in dictum whether section 3161(d)(1) applies when the complaint is dismissed after the time period for indictment has expired.

It may be argued that since the Government did not dismiss the complaint on "speedy trial grounds", the time limits of 3161(b) began to run when the indictment was filed. This would probably be true if the complaint had been dismissed within the 60 day period.[10] Here, however, the Government's praecipe for dismissal was filed 62 days after appellant's arrest. The complaint was clearly dismissible under the provisions of the Speedy Trial Act. We cannot believe that Congress intended that under these circumstances the time limits would begin to run anew from the date of the indictment, particularly in view of the excerpts from the Senate Report quoted above. We need not pursue this question further since we conclude that in any event counts one through three did not arise out of the "same criminal episode" as the charges in the dismissed complaint.

*United States v. Peters,* 587 F.2d at 1273 (footnote added).[11] The Senate Report referred to in the above quotation expressed concern that section 3161(d)(1) might be used to evade the speedy trial time limits of the Act. S.Rep. No. 93–1021, *supra,* at 33, *reprinted in* A. Partridge, *supra,* at 79.

On the other hand, the broad language of several cases indicates that section 3161(d)(1) applies even if the complaint is dismissed after the time period for indictment has expired.

[Section 3161(d)(1) ] literally instructs that after a complaint is dismissed against a defendant, the government is free to file another complaint, or to file an indictment or information, and that the applicable time periods run anew from the filing of the subsequent complaint, information, or indictment, as the case may be. In other words, *the events which transpired prior to the dismissal of the complaint are simply irrelevant in computing the time limits within which the defendant can be indicted* or tried.

*United States v. Belleville,* 505 F.Supp. 1083, 1084 (E.D.Mich.1981) (emphasis added). In *United States v. Krynicki,* 689 F.2d at 293, the court held that "§ 3161(b) applies *only* where, at the time of indictment, the charge upon which a defendant was arrested and upon which a complaint was issued is *still pending."* Similar language is used in *United States v. Abernathy,* 688 F.2d at 580, and *United States v. Jones,* 676 F.2d 327, 330 (8th Cir.1982).

We find neither the language in *Peters* nor the language in *Belleville* and *Krynicki* decisive. The statement in *Peters* is dictum, and *Peters* has been criticized for relying on a Senate Report [12] prepared when the draft of the Act [13] did not permit reprosecution where the earlier dismissal had been based on speedy trial grounds. *See United States v. Abernathy,* 688 F.2d at 579–80. The final version of the Speedy Trial Act clearly allows reprosecution after dismissal without prejudice for violations of the Act, *see* section 3162(a),[14] yet *Peters* discusses indictment after dismissal on

**10.** When Peters was arrested, the arrest to indictment time limit was sixty days. *See United States v. Peters,* 587 F.2d 1267, 1271 n. 9 (D.C. Cir.1978).

**11.** The court in *United States v. Jones,* 676 F.2d 327, 330 n. 2 (8th Cir.1982), interpreted *United States v. Hillegas,* 578 F.2d 453, 459 n. 9 (2d Cir.1978), as also questioning in dictum whether section 3161(d)(1) applies when the complaint is dismissed after the time period for indictment has passed. We, however, understand the dictum in *Hillegas* as questioning whether section 3161(d)(1) begins the running of the time limits anew, as opposed to its merely tolling their running.

**12.** S.Rep. No. 93–1021, 93d Cong., 2d Sess. 33 (1974), *reprinted in* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 78–79 (1980).

**13.** S. 754, 93d Cong., 1st Sess., § 101 (1973), *reprinted in* A. Partridge, *supra* note 12, at 301.

**14.** The section's provisions for determining whether to dismiss with or without prejudice would be meaningless if reprosecution were always prohibited.

speedy trial grounds as though it were impermissible. *See United States v. Peters,* 587 F.2d at 1273. Likewise, neither *Belleville, Krynicki, Abernathy,* nor *Jones* involved the dismissal of a complaint after the time period for indictment had elapsed. As applied to the present case, the broad language in those cases is dicta because the courts making the statements may not have considered the present fact situation.

In contrast to *Belleville* and the others, two cases have involved the dismissal of a complaint after the thirty-day period for indictment had expired. In *United States v. Ford,* 532 F.Supp. 352 (D.D.C.1981), the defendant was arrested on June 21, 1981, and charged in a complaint the next day. The complaint was dismissed on July 27, thirty-five days after charges were filed, upon motion of the government. The defendant was indicted on September 11, eighty-one days after charges were filed. Without discussing section 3161(d)(1), the court held that dismissal of an indictment is mandatory when the time period of section 3161(b) is exceeded. *Id.* at 353. In *United States v. Caparella,* 542 F.Supp. 826 (E.D.N.Y.1982), the defendant was arrested and arraigned on June 10, 1981. On July 31, fifty-one days after the arrest, the magistrate dismissed the complaint on the government's ex parte motion, without specifying whether the dismissal was with or without prejudice. On September 16 the government filed an information against the defendant. The defendant moved to dismiss the information because the government had failed to dismiss the complaint within thirty days of his arrest. Implicitly recognizing that dismissing a complaint beyond the period for indictment does not always require the dismissal of a subsequently filed indictment, the court remanded the case to the magistrate for a determination of whether the complaint should have been dismissed with or without prejudice. *Id.* at 828–29.

■ We find the approach of the court in *Caparella* and of the trial court in the present case convincing. When a complaint is dismissed after the thirty-day period for indictment has elapsed, and there is no determination whether the dismissal is with or without prejudice, a subsequently filed indictment should be dismissed only if the complaint should have been dismissed with prejudice. This approach presents no advantage to the government for winning the race to dismiss the complaint and then filing an indictment. If the complaint is dismissed on the government's ex parte motion, the defendant can later compel a determination of his speedy trial rights,[15] which will in no way be prejudiced by the government's dismissal of the complaint. Under the broad language of *Belleville,* however, the government's winning the race would render the untimely dismissal of the complaint irrelevant. Similarly, the approach of *Caparella* and of the trial court precludes the defendant from gaining an advantage by waiting until after his indictment before bringing his speedy trial motion, and thereby imposing on the government the burden of reindictment if the charges are dismissed without prejudice. Under the trial court's approach, the indictment is dismissed only if the complaint should have been dismissed with prejudice. *Cf. United States v. Cameron,* 510 F.Supp. 645, 650–51 (D.Md.1981) (recognizing that where reindictment is inevitable, dismissing the indictment without prejudice on speedy trial grounds is a "useless act" and "harmful to the United States in terms of the

---

**15.** The court in *United States v. Caparella,* 542 F.Supp. at 828, held that a defendant does not waive his right to dismissal by not filing a speedy trial motion before the government dismisses the complaint. Subsection 3162(a)(1), unlike subsection 3162(a)(2), does not have a provision governing waiver. Subsection 3162(a)(2) provides: "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." Perhaps the provision in subsection (a)(2) governs subsection (a)(1) because the provision refers to "section" rather than "subsection," but we need not decide this issue.

expense and inconvenience in presenting the matter anew before the Grand Jury and recommencing the entire pretrial process"). Dismissal of the complaint after the period for indictment should not always bar reprosecution, as was implied in *Peters,* nor should the untimely dismissal of a complaint always be irrelevant, as was stated in *Belleville.* Under the approach of *Caparella* and the trial court in the instant case, the speedy trial issue is addressed just as it would have been if the issue had been raised when the government dismissed the complaint. This approach does not open a loophole through which the government may evade the Act's speedy trial time limits as was feared in *Peters.* Rather, it preserves the Act's scheme of time limits and employs the Act's balancing test to determine whether the complaint should have been dismissed with or without prejudice.

### B. *Application of Section 3162(a)(1)*

█ After deciding that it had to determine whether the complaint should have been dismissed with or without prejudice, the trial court considered the three factors listed in section 3162(a)(1), as well as other factors. The court found that defendant's crime was relatively serious, that the government's exceeding the time limit was unintentional and is unlikely to recur, that the delay beyond the time limit was short, and that defendant suffered little prejudice. Weighing these factors, the court found that the complaint should have been dismissed without prejudice.

Section 3162(a)(1) makes it clear that the trial court has discretion to dismiss the complaint with or without prejudice and that the court may consider factors other than the ones listed in the section: "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors ...." *See United States v. Brainer,* 691 F.2d 691, 699 (4th Cir.1982) (recognizing that the district court has discretion to dismiss with or without prejudice); Frase, *su-*

*pra,* at 705. *But see United States v. Iaquinta,* 515 F.Supp. 708, 712 (N.D.W.Va. 1981) (stating that dismissal without prejudice should be granted only in rare instances), *rev'd on other grounds,* 674 F.2d 260 (4th Cir.1982). Prejudice to the defendant is one of the factors that the district court may consider. 120 Cong.Rec. 41,794–95 (1974) (colloquy between Rep. Dennis and Rep. Cohen); Frase, *supra,* at 705. In the present case the trial court did not place undue emphasis on the lack of prejudice to defendant, but rather weighed this factor along with the others. Also, the court did not err in using the punishment prescribed by statute for possessing stolen mail matter as a measure of the severity of the crime. The trial court properly exercised its discretion in identifying and weighing the various factors and in determining that the complaint should have been dismissed without prejudice.

### III. CONCLUSION

The district court correctly interpreted section 3161(d)(1) not to apply when the complaint has been dismissed more than thirty days after arrest and the dismissal would have been with prejudice if the issue had been addressed. The court then properly exercised its discretion in determining that the complaint should have been dismissed without prejudice and, therefore, correctly denied the motion to dismiss the indictment. Accordingly, the judgment of the district court is

*Affirmed.*