**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3290
_____

UNITED STATES OF AMERICA

v.

KHAMRAJ LALL,
*Appellant*
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-17-cr-00343-1
District Judge: Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

December 11, 2020

_____

Before: McKEE, PORTER, and FISHER, *Circuit Judges*

(Opinion filed: March 23, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKee, *Circuit Judge.*

Khamraj Lall asks us to vacate his 156-month sentence arising from his conviction for conspiracy to distribute cocaine under 21 U.S.C. § 846, and related money laundering and currency structuring offenses. We need only briefly discuss each of his arguments to explain why we will affirm the District Court's rejection of each of Lall's numerous claims for relief.[1]

## I. Investigative Notes

Lall argues that the Government committed a *Brady* violation in failing to preserve and disclose rough notes related to his first two proffer interviews.[2] He relies upon our admonition in *Ramos* in asking us to fashion a *per se* rule requiring vacating a conviction whenever the Government fails to preserve and disclose investigative notes without the prerequisite of proving bad faith.[3] However, Lall does not establish that any such notes were taken and not disclosed to defense. The Government asserts that it is unaware of any notes beyond those already turned over to defense and Lall offers nothing but legal argument and speculation to contradict that assertion.

---

[1] The District Court had subject matter jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] The District Court's legal conclusions are reviewed *de novo* and its factual findings are reviewed for clear error. *See United States v. Ramos*, 27 F.3d 65, 67 (3d Cir. 1994).

[3] Appellant Br. at 20 ("[T]here can be no better way to ensure that the Government gives genuine and unshakable credence to this Court's clear directive than to institute a *per se* rule stating that this Circuit will no longer pursue a bad faith analysis regarding the failure to preserve rough notes of witness interviews.").

Moreover, even if such proffer notes did exist, Lall must "raise at least a colorable claim" that the notes were exculpatory and "that such exculpatory evidence has not been included in any formal interview report provided" to establish that a *Brady* violation occurred.[4]  He fails to do so.  Lall makes no tangible showing that rough notes for the first two proffers (assuming they even existed) contained exculpatory information.

## II. Admissibility of 17 Kilograms of Cocaine

Lall next contends that the District Court erred in admitting 17 kilograms of cocaine.[5]  He claims that the drugs were irrelevant and unduly prejudicial, in part because there was no direct evidence to link him to the drugs.  However, direct evidence is not required.[6]  Indeed, the elements of drug conspiracies can be proven "entirely by circumstantial evidence."[7]

He also asserts that the probative value of the drugs was substantially outweighed by the prejudice that resulted.  However, physical evidence of seized drugs can be highly probative and relevant to establishing a defendant's involvement in a drug conspiracy.[8]

---

[4] *Ramos*, 27 F.3d. at 71 (quoting *United States v. Griffin*, 659 F.2d 932, 939 (9th Cir. 1981)).

[5] The District Court's decision to admit the evidence is reviewed for an abuse of discretion, and "such discretion is construed especially broadly in the context of Rule 403." *United States v. Mathis*, 264 F.3d 321, 326-27 (3d Cir. 2001).

[6] *See United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989) ("The fact that evidence is circumstantial does not make it less probative than direct evidence").

[7] *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999) (holding that the Government could exclusively rely on circumstantial evidence to support a conspiracy conviction).

[8] *See United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014) (affirming the District Court's decision to admit photographs and seized drugs as probative and relevant evidence).

"[W]hen evidence is highly probative, even a large risk of unfair prejudice may be tolerable."[9]  Lall stresses that, here, unlike in our decision in *Claxton*, the Government did not establish a connection between him and Chino, the person from whom the drugs were seized.[10]  However, one of his co-conspirators connected Lall to the drugs by testifying that Lall stored drugs at Chino's home.  As Judge Thompson correctly concluded, the substantial probative value of the drugs that were admitted outweighed any prejudice.

### III. Conspiracy to Distribute Cocaine Conviction

Lall contends his conviction under 21 U.S.C. § 846 must be vacated because the weight of the evidence does not establish a nexus between him and the drugs that were admitted or between him and the alleged co-conspirators.[11]  To convict of conspiracy, the Government must prove that the conspirators had: "(1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal."[12]

---

[9] *Id*. (quoting *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)).

[10] Lall attempts to distinguish his case from *Claxton* on the grounds that in that case, "other testimony presented at trial showed that [the defendant] was part of the same organization as the third person from whom the drugs were seized." Appellant Br. at 34.

[11] We review Lall's challenge to the sufficiency of the evidence "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)).

[12] *Caraballo-Rodriguez*, 726 F.3d at 430.

Here again, direct evidence is not required to demonstrate a unity of purpose.[13] Also, the jury was instructed that the Government had to prove that "two or more persons" shared a common goal; the Government was not required to show that Lall knew everyone in the conspiracy.[14] Given the extensive testimony that Lall and the co-conspirators developed an elaborate cocaine operation, it is impossible for us to conclude that no reasonable jury could have been convinced of Lall's membership in the charged conspiracy beyond a reasonable doubt.

## IV.  Right to Confrontation and the Right to Testify

Lall argues that the District Court violated his Sixth Amendment right to confrontation because Judge Thompson often interrupted the defense's cross-examination of witnesses.[15]  However, it is clear that Judge Thompson only interjected to clarify defense counsel's questions and mitigate any jury confusion.  This Court has repeatedly determined that such conduct does not amount to reversible error.[16]

Nor did the Court err in not informing Lall that he had a right to testify in his own defense.[17]  A court "has no duty to explain to the defendant that he or she has a right to

---

[13] *See id.* at 431.

[14] App. 1497-99.

[15] In the absence of a trial objection, we review the District Court's conduct for plain error. *United States v. Bencivengo*, 749 F.3d 205, 216 (3d Cir. 2014) (citing *United States v. Nobel*, 696 F.2d 231, 237 n.2 (3d Cir. 1982)).

[16] *Bencivengo*, 749 F.3d at 216.

[17] We review claims regarding the denial of a defendant's right to testify *de novo*. *United States v. Gordon*, 290 F.3d 539, 546 (3d Cir. 2002) (quoting *United States v. Leggett*, 162 F.3d 237, 245 (3d Cir. 1998)).

testify or to verify that the defendant who is not testifying has waived that right voluntarily."[18]

### V. Speedy Trial Act Claims

For the first time on appeal, Lall raises two claims under the Speedy Trial Act. First, he asks us to dismiss the two structuring charges in the original complaint because the Government did not indict him within 30 days of his arrest pursuant to 18 U.S.C. § 3161(b). He also asks us to dismiss the additional charges that the Government made in its superseding indictment. He argues that because the additional charges were made after the parties entered into their last continuance, the 140 days that passed between the superseding indictment and his trial also constitute non-excludable time under the Speedy Trial Act.

The parties do not dispute that 145 days of non-excludable delay occurred between Lall's arrest and his original indictment. However, Lall did not move to dismiss these charges in the District Court. He now urges us to dismiss his structuring charges because 18 U.S.C. § 3162(a)(1) does not contain the waiver provision present in 18 U.S.C. § 3162(a)(2). At first blush, the argument has some force. However, several other Circuit Courts of Appeals have interpreted the statute's plain language to mean that the motion requirement in subsection (2)—prescribing time limits to bring a defendant to trial— applies to the entirety of the section. It therefore extends to subsection (1) of § 3162(a),

---

[18] *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995).

which establishes the time for bringing the indictment.[19]  We find that reasoning

persuasive as it is consistent with the Supreme Court's reasoning in *Zedner v. United

States*.[20]  There the Court explained that the motion requirement in 3162(a)(2) serves two

purposes:

> First, § 3162(a)(2) assigns the role of spotting violations of the Act to
> defendants-for the obvious reason that they have the greatest incentive to
> perform this task. Second, by requiring that a defendant move before the
> trial starts or a guilty plea is entered, § 3162(a)(2) both limits the effects of
> a dismissal without prejudice (by ensuring that an expensive and time-
> consuming trial will not be mooted by a late-filed motion under the Act)
> and prevents undue defense gamesmanship.[21]

We agree and therefore conclude that a defense motion is also required to

challenge preindictment delay under § 3162(a)(1).[22]

We agree with Lall's contention that a Speedy Trial Act violation occurred with

respect to the additional charges made in the superseding indictment and the Government

does not argue to the contrary.  Thus, it is clear that the added charges triggered a new

---

[19] *See, e.g.*, *United States v. Hines*, 694 F.3d 112, 117-18 (D.C. Cir. 2012) ("Although the italicized waiver language appears only in subsection (a)(2) (addressing tardy-trial dismissals) and not in subsection (a)(1) (addressing tardy-indictment dismissals), as we observed in *United States v. Bittle*, 699 F.2d 1201 (D.C. Cir.1983), the waiver provision may well apply to both subsections. *See Bittle*, 699 F.2d at 1207 n. 15").
[20] 547 U.S. 489 (2006).
[21] *Id*. at 502-03 (footnote omitted).
[22] *See Hines*, 694 F.3d at 119 ("These same two purposes apply equally to dismissal of an indictment under section 3162(a)(1). Without the waiver provision, a defendant has no incentive to police the government's compliance with the STA's indictment deadlines. More importantly, without the waiver constraint a defendant may freely game the system by rolling the dice on a trial and then seeking a section 3162(a)(1) dismissal for failure to timely indict—if he is unhappy with the result—putting the prosecution and the court through the time, effort and expense of a trial that may subsequently be mooted at the defendant's whim").

speedy trial clock,[23] for which the Government should have sought a continuance. However, since § 3162(a)(2) conditions dismissal upon a defense motion, and since no defense motion was made, Lall is not entitled to have the new counts in the superseding indictment dismissed.

## VI.

For the foregoing reasons, we will affirm the judgment of conviction.

---

[23] *See United States v. Lattany*, 982 F.2d 866, 872 n.7 (3d Cir. 1992) ("If the subsequent filing charges a new offense that did not have to be joined with the original charges, then the subsequent filing commences a new, independent speedy trial period.").