**UNITED STATES of America**

v.

**Eugene PETAK, Philip Lee Hutchins, Robert A. Rivera, James H. Hutchins, Randall Ray Moore, James Frank Martin.**

**Cr. No. H–84–238–S.**

United States District Court,
S.D. Texas
Houston Division.

Nov. 27, 1985.

Philip H. Hilder, Asst. U.S. Atty., Houston, Tex., for the Government.

Marjorie Meyers, Asst. Federal Public Defender, Houston, Tex., for defendant Petak.

John Ackerman, Houston, Tex., for defendant Philip Lee Hutchins.

Scott W. Carpenter, Houston, Tex., for defendant Rivera.

Stuart Kinard, Austin, Tex., for defendant James H. Hutchins.

Doug O'Brien, Houston, Tex., for defendant Moore.

George M. Secrest, Houston, Tex., for defendant Martin.

### ORDER

CARL O. BUE, Jr., District Judge.

Pending before this Court is defendants' motion to dismiss the indictment based on the government's alleged violation of the Speedy Trial Act and the Local Speedy Trial Plan. After prudent consideration of the relevant facts and law, including the memoranda filed by the parties, this Court concludes, for the reasons discussed herein, that defendants' motion to dismiss must be denied.

### I. *Factual Background*

On October 12, 1984, defendants Philip Lee Hutchins, James H. Hutchins, Robert Rivera, Randall Ray Moore and James Frank Martin were arrested by federal and state officers on drug related charges. The first indictment was returned by the Grand Jury on November 15, 1984 in Houston, Texas on the same charges for which defendants were arrested. Since thirty-three (33) days had elapsed between the date of arrest and the return of said indictment, the defendants' motion to dismiss the indictment was granted by this Court, without prejudice, on April 8, 1985, due to the government's violation of the Speedy Trial Act. 18 U.S.C. § 3161(b).[1] More than fifty (50) days elapsed between the date of the

---

1. Section 3161(b) provides in pertinent part as follows:

   Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with summons in connection with such charges.

   18 U.S.C. § 3161(b).

dismissal and May 30, 1985, when the grand jury's indictment in the above-referenced cause was returned against the defendants charging the same criminal conduct which was the subject of the earlier dismissed indictment. Defendants were arrested, arraigned, and released on bond four days later on June 3, 1985. At a pre-trial conference held on August 26, 1985, defendants urged this Court to dismiss the superseding indictment based upon alleged violations of the Speedy Trial Act and the Local Speedy Trial Plan. This Court deferred ruling upon defendants' motion to dismiss in order to make a careful assessment of the facts and the law in this case, and directed the parties to file supplemental memoranda.

## II. *Legal Background*

Before arriving at a conclusion, this Court was required to consider the purpose and legislative history of the Speedy Trial Act, as well as the applicability of the Local Speedy Trial Plan to the facts in this case.

The purpose of the Speedy Trial Act is to implement the right to a speedy trial which is guaranteed by the Sixth Amendment to the Constitution of the United States. *See* S.Rep. No. 1021, 93d Cong.2d Sess. 1 (1974). This right is designed to limit the time during which criminal charges are hanging over a person's head unresolved. *See United States v. Marion*, 404 U.S. 307, 317–18, 92 S.Ct. 455, 462, 30 L.Ed.2d 468 (1971). Thus, the Sixth Amendment right to a speedy trial does not arise until charges are pending against the accused. *See United States v. MacDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982). After a person is arrested and before he is arraigned, criminal charges are hanging over him in a palpable sense even if he is free on bond. *See, e.g., United States v. Marion, supra*, 404 U.S. at 319–21, 92 S.Ct. at 462–63. In determining whether a speedy trial has been denied, the length of delay is therefore measured from

the time the defendant was accused. *See id.*

Although the legislative history of the Speedy Trial Act provides little insight into the purpose behind the thirty day arrest to indictment time limit, it must be assumed that Congress intended to establish an objective standard which eschews the need for a case by case analysis applied in the Sixth Amendment context. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and its progeny.

■ In the case before this Court, the original indictment was dismissed upon the defendants' motion because the government's preindictment delay was fatal under the Speedy Trial Act. After considering the relevant factors outlined in 18 U.S.C. § 3162,[2] this Court determined that defendants' motion to dismiss should be granted without prejudice. Defendants now urge three grounds in support of their motion to dismiss the superseding indictment including the following: (1) the time limit of § 3161(b) should be measured from the date of the original arrest, or (2) the time limit should be measured from the date of the dismissal of the first indictment, and (3) the local rules require dismissal due to the government's violation of Part II, section 3(6)(a) of the Local Speedy Trial Plan for the Southern District of Texas. This Court is compelled to reject the defendants' arguments on all three points.

First, the defendants rely on faulty dicta in *United States v. Peters*, 587 F.2d 1267 (D.C.Cir.1978). The reasoning of the *Peters* court, and the defendants' arguments premised thereon, must be criticized for reliance on a Senate Report prepared when the draft of the Speedy Trial Act did not permit reprosecution after dismissal based on Speedy Trial grounds. *See United States v. Abernathy*, 688 F.2d 576, 579–80 (8th Cir.1982). The final version of the

---

**2.** In determining whether to dismiss a case with or without prejudice, section 3162(a)(1) provides that the court shall consider, "among others, each of the following factors: the seriousness of the offense; the facts and circumstances

of the case which led to the dismissal; and the impact of a reprosecution on the administration of this Chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

Speedy Trial Act clearly allows reprosecution after a dismissal without prejudice based upon the government's violation of the Act.[3]  Thus, the Speedy Trial Act provisions that defendants now attempt to use to dismiss the superseding indictment are no longer applicable.

After dismissal of an indictment under § 3161(d)(1), the time limits imposed by § 3161(b) begin to run anew from the date of the subsequent arrest.  Although § 3161(d)(1) is not a model of legislative clarity, this Court, like other courts which have considered the issue, interprets the language of this section to mean that "where the indictment is dismissed upon motion of the defendant, the slate is wiped clean, and any subsequent step toward prosecution of the defendant causes the time period to begin running anew." *United States v. McCown*, 711 F.2d 1441 (9th Cir.1983) (see also cases cited therein).

This Court rejects the defendants' "tacking argument" for three reasons.  First, defendants' interpretation would nullify the provisions of § 3162(a)(1).  Since the applicable time limits already have been violated by the government, a dismissal *without prejudice* based on Speedy Trial Act grounds would be meaningless because any superseding indictment would be void *ab initio*.  Second, the defendants' interpretation would similarly nullify the provisions of § 3161(d)(1).  In considering the interrelationship of § 3161(b) and § 3161(d)(1), as it relates to defendants' argument raised herein, the *Puett* court stated as follows:

> A contrary interpretation would render section 361(d)(1) superfluous because section 3161(b) already places a thirty-day limit on the period between arrest or issuance of summons and indictment.  Were we to read section 3161(d)(1) as

Puett maintains, section 3161(b) alone would be sufficient to require dismissal of an indictment returned more than thirty days after the filing of a previously dismissed complaint.  Congress drafted section 3161(d)(1) precisely to preclude such interpretation.

*United States v. Puett*, 735 F.2d 1331, 1334 (11th Cir.1984).

Third, the defendants' argument is faulty because the resulting *per se* rule would impose a stricter burden on the government than is required by the Sixth Amendment.  In other words, to obtain a dismissal based on constitutional grounds, the burden is on the accused to make some showing of prejudice which was caused by the delay of his trial.  The interests to be considered in determining prejudice to the defendant are: (1) prevention of oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired.  *See Barker v. Wingo, supra*, 407 U.S. at 532, 92 S.Ct. at 2192–93.  In considering the reasons for the pretrial delay, the Supreme Court has said that different weights should be assigned to different reasons resulting in delay.  Thus, a deliberate attempt to delay the trial in order to hamper the defense would be weighed heavily against the government.  A more neutral reason such as negligence should be weighed less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant.  *See Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

It is significant to note that a dismissal based upon constitutional grounds is al-

---

**3.**  Section 3161(d)(1) provides in pertinent part as follows:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal

> episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1).

ways *with* prejudice as a constitutional violation cannot be cured by the government. *See, e.g., United States v. Marion, supra; United States v. Abernathy, supra* at 580. On the other hand, since the provisions of the Speedy Trial Act clearly allow reprosecution, Congress has determined that the government's violation of § 3161(b) does not rise to the level of a constitutional deprivation. Yet, defendants here are arguing that an automatic dismissal of the superseding indictment is mandated, without assuming the burden of showing prejudice as is required in the Sixth Amendment context, when this Court has already determined that the original indictment should be properly dismissed *without* prejudice. It is the opinion of this Court that Congress could not have intended such a result when it provided for the possibility of reprosecution after a violation of the Speedy Trial Act.

The defendants' second argument is that the relevant time limits should be measured from the date of the dismissal of the first indictment. In response, the government asserts that once the charges were dismissed, the defendants became "free men." *See United States v. MacDonald, supra,* 102 S.Ct. at 1502. (Once the charges against the defendants have been dismissed, "a citizen suffers no restraint on his liberty and is no longer the subject of public accusation. His situation does not compare with that of a defendant who has been arrested and held to answer.") Although this Court does not wholeheartedly endorse the argument raised by the government, common sense, as well as the express statutory language of § 3161(b), dictates against this Court's adoption of the defendants' argument on this point. For obvious reasons, the *dismissal* of an indictment does not trigger the running of the Speedy Trial Act because no statutorily

specified event has occurred which implicates the applicable time limits.

█ Finally, the provisions of the Local Speedy Trial Plan for the Southern District of Texas relied on by the defendants are inapplicable here, but are properly addressed to the government's violation of the Speedy Trial Act which resulted in the dismissal of the first indictment. Instead, the applicable provision of the local rules is Part II § 4(d), which is clearly consistent with the federal Speedy Trial Act. Furthermore, unlike the ambiguous language of section 3161(d), the local Speedy Trial Plan clearly contemplates reprosecution and states that the time periods begin to run anew after a superseding indictment is filed.[4]

This Court holds only that the Speedy Trial Act provisions relied on by defendants do not support a motion to dismiss the superseding indictment in this case. This Court agrees with the defendants to the extent that the government should not be permitted to conduct a mere paper shuffle which violates the spirit of the law since the filing of superseding charges is entirely within the control of the government. However, in circumstances such as the present, an accused must shoulder the burden mandated by *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. at 2191–92, and prevail upon the balancing test set forth therein. This Court disagrees with the defendants to the extent that this holding places an accused at the mercy of the government. The defendants are protected by the constitutional restraints imposed by the Fifth and Sixth Amendments, as well as by applicable statutes of limitation. Additionally, in appropriate circumstances, an accused may assert a motion pursuant to Rule 48(b), Federal Rules of Criminal Procedure.[5]

---

4. The Local Speedy Trial Plan tracks the language of 18 U.S.C. § 3161(d)(1) and provides that the time limits applicable to superseding charges will be determined as follows:
(1) If the original indictment was dismissed on motion of the defendant before the filing of the subsequent charge, the time limit shall

be determined without regard to the existence of the original charge.
Local Speedy Trial Plan of the Southern District of Texas, Part II § 4(d)(1).

5. Rule 48(b) is a restatement of the inherent power of the court to dismiss a case for want of

Accordingly, the defendants' motion to dismiss the superseding indictment must be DENIED.

It is so ORDERED.

prosecution and provides in pertinent part as follows:

(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court,

or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.
Rule 48(b), Federal Rules of Criminal Procedure.